[No. S164796. Feb. 11, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
MARCOS HIJINIO SORIA, Defendant and Appellant.

## COUNSEL

Jeffrey A. Glick, under appointment by the Supreme Court, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CORRIGAN, J.**—The Penal Code requires the imposition of a restitution fine "[i]n every case where a person is convicted of a crime." (Pen. Code, § 1202.4, subd. (b).)[1] A suspended parole revocation restitution fine is also mandatory "[i]n every case where . . . [the] sentence includes a period of parole." (§ 1202.45.) Here, the Court of Appeal held that when several

---

[1] Further statutory references are to the Penal Code.

separately filed cases are disposed of at a single hearing under a plea bargain, the cases have been "effectively consolidated" and only one set of fines may be imposed under sections 1202.4 and 1202.45. We reverse.

## BACKGROUND

In case No. CC506587, filed September 30, 2005, defendant was charged with two counts of vehicle theft, reckless driving, hit-and-run driving, resisting an officer, and driving without a license. The complaint alleged that these crimes took place on or about September 28, 2005.

Case No. CC507417 was filed October 11, 2005. Defendant and a codefendant were charged with attempted premeditated murder, two counts of assault with a firearm, and shooting at an occupied motor vehicle, all on September 20, 2005. An amended complaint was filed March 16, 2006, in which enhancement allegations regarding use and possession of handguns were modified.

In case No. CC508203, filed October 18, 2005, defendant was charged with stealing a vehicle on May 19, 2005.

On March 16, 2006, before any preliminary hearing was held, defendant entered negotiated pleas in all three cases. The premeditation allegation was stricken from the murder charge, and defendant agreed to a total sentence of 35 years eight months. The plea bargain reduced his maximum exposure by six years four months. The court advised defendant that he was "subject to a restitution fund fine of not less than $200 nor more than $10,000 as to each case." Defendant said he understood.

In taking defendant's pleas, the court disposed of each complaint individually. Beginning with the amended complaint in case No. CC507417, the court read each charge and allegation and asked defendant if he understood them. After receiving affirmative answers, it accepted defendant's plea of guilty to the accusations in that complaint. The court followed the same procedure in case Nos. CC506587 and CC508203, each time reading the charges and confirming that defendant understood them before taking his plea.

The court imposed the agreed-upon sentence on August 25, 2006. The prison term included the following components: in case No. CC507417,

defendant was sentenced to nine years for the attempted murder, with a 20-year enhancement for firearm use. He received one year for each of the two assaults, with firearm enhancements of one year four months each. A concurrent five-year term was imposed for shooting at a vehicle. In cases Nos. CC506587 and CC508203, defendant received eight months on each of the three vehicle theft charges. Sentence was suspended on the misdemeanor charges in case No. CC506587.

The court ordered restitution to the victims in cases Nos. CC507417 and CC508203. It also imposed restitution fines of $10,000 in case No. CC507417, $400 in case No. CC506587, and $200 in case No. CC508203, with matching suspended parole revocation fines. Defendant did not object.

On appeal, however, defendant claimed that imposing separate fines in each case was unauthorized. The Court of Appeal agreed, holding that the phrase "in every case" in sections 1202.4 and 1202.45 "may reasonably be construed to include multiple cases that are fully and completely resolved at the same time under a package plea bargain."[2] The court erred.

## DISCUSSION

█ We are here concerned not with direct restitution payable by defendants to victims under section 1202.4, subdivision (a), but with fines payable to the state Restitution Fund under section 1202.4, subdivision (b) (section 1202.4(b)) and section 1202.45. Section 1202.4(b) requires the court to impose "a separate and additional restitution fine" of not less than $200 or more than $10,000 "[i]n every case where a person is convicted of a crime," absent "compelling and extraordinary reasons for not doing so." Section 1202.45 similarly requires "an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4," "[i]n every case where a person is convicted of a crime and [the] sentence includes a period of parole . . . . This additional parole revocation restitution fine . . . shall be suspended unless the person's parole is revoked."

█ The Court of Appeal found the statutory term "in every case" to be ambiguous as applied to a plea bargain resolving separately filed charges. The court strayed off course at this initial step. When separate pleas are entered in separately charged cases, "every case" plainly means each case filed against

---

[2] The Court of Appeal also rejected the Attorney General's argument that defendant had waived his right to appeal. That issue has not been raised in this court, and we express no view on it.

the defendant. (See *People v. Schoeb* (2005) 132 Cal.App.4th 861, 864 [33 Cal.Rptr.3d 889]; *People v. Enos* (2005) 128 Cal.App.4th 1046, 1049 [27 Cal.Rptr.3d 610].)[3]

In concluding otherwise, the Court of Appeal relied on a materially distinguishable case, *People v. Ferris* (2000) 82 Cal.App.4th 1272 [99 Cal.Rptr.2d 180] (*Ferris*). The defendant in *Ferris* was charged in separate informations on different dates, but the trial court granted the prosecution's motion to consolidate the cases for trial. (*Id.* at pp. 1274–1275.) The defendant argued that because the two cases against him had been consolidated, the imposition of restitution fines in both cases was unauthorized. (*Id.* at p. 1276.) The court noted that the cases were "not formally consolidated." (*Ibid.*) Apparently, this comment reflected the fact that the cases were not merged into a single action with one case number. The jury returned verdicts under separate case numbers, and separate probation reports were prepared for sentencing. However, the *Ferris* court deemed it clear that the defendant "was substantively tried and sentenced in one joint case." (*Id.* at p. 1277.)

The court noted that sections 1202.4(b) and 1202.45 "do not specify whether the phrase 'every case' means every separately charged and numbered case or every jointly tried case." (*Ferris, supra,* 82 Cal.App.4th at p. 1277.) It resolved the ambiguity by adopting the construction most favorable to the defendant, concluding that " 'every case' . . . includes a jointly tried case although it involves charges in separately filed informations." (*Ibid.*)[4] Accordingly, the court modified the restitution order to include only one set of fines. (*Ferris,* at pp. 1277–1278.)

Here, there was no motion to consolidate and no joint trial. Nevertheless, the Court of Appeal extended the holding of *Ferris* to conclude that the resolution of multiple charges in a single plea bargain amounts to an

---

[3] We note that, here, there was no confusion in the trial court as to the meaning of "every case." The court informed defendant that he would be subject to "a restitution fund fine of not less than $200 nor more than $10,000 as to each case." Defendant said he understood this advisement, and there was only one way to understand it. The district attorney had presented the terms of the bargain by reference to the separate docket numbers, explaining that the premeditation allegation would be stricken in case No. CC507417, and that defendant would "be pleading as charged to his other two cases before the Court, docket ending 203 and docket ending 587." This is not a case where seemingly plain statutory language was ambiguous as applied. (Cf. *In re Reeves* (2005) 35 Cal.4th 765, 770 [28 Cal.Rptr.3d 4, 110 P.3d 1218].)

[4] *Ferris* relied in part on an earlier case involving restitution imposed after the defendant pleaded guilty to separate charges at separate hearings. (*People v. McNeely* (1994) 28 Cal.App.4th 739, 742 [33 Cal.Rptr.2d 582]; see *Ferris, supra,* 82 Cal.App.4th at p. 1277.) However, the *McNeely* court applied a Government Code provision that did not include language equivalent to the "in every case" terminology of sections 1202.4 and 1202.45. (*McNeely,* at pp. 743–744; see Stats. 1988, ch. 975, § 1, pp. 3151–3152.) Therefore, it has no bearing on the question before us.

"effective consolidation." The analysis in *Ferris*, however, was limited to *jointly tried* cases. The *Ferris* court distinguished *People v. Smith* (1992) 7 Cal.App.4th 1184 [9 Cal.Rptr.2d 491] (*Smith*), which held that separately filed cases resolved by guilty plea on the same date are nevertheless " 'brought and tried separately' " for purposes of the enhancement provisions of section 667.[5] (*Smith*, at p. 1193.) It reasoned that *Smith* was "inapposite because it involved separate case numbers and the separate cases were not consolidated or joined for trial, sentencing, or otherwise." (*Ferris, supra*, 82 Cal.App.4th at p. 1278, fn. 11.) Of these grounds for distinguishing *Smith*, only the absence of consolidation for trial was valid. There were separate case numbers and joint sentencing proceedings in both *Ferris* and *Smith*. (*Ferris*, at p. 1276; *Smith*, at pp. 1189–1190, fn. 4.) Therefore, the consolidation of separate cases for trial was critical to *Ferris*'s holding that only one set of restitution fines may be imposed in jointly tried cases.

■ The rule applied in *Smith* is a settled one. Unconsolidated cases resolved jointly by plea bargain remain formally distinct for purposes of sentencing under section 667. (*People v. Shea* (1995) 39 Cal.App.4th 1257, 1272 [46 Cal.Rptr.2d 388]; *People v. Wagner* (1994) 21 Cal.App.4th 729, 736–737 [26 Cal.Rptr.2d 383]; *People v. Gonzalez* (1990) 220 Cal.App.3d 134, 140–144 [269 Cal.Rptr. 221]; see *People v. Wiley* (1995) 9 Cal.4th 580, 590 [38 Cal.Rptr.2d 347, 889 P.2d 541].) A similar rationale applies to restitution fines in separately charged cases. In *People v. Schoeb, supra*, 132 Cal.App.4th 861, and *People v. Enos, supra*, 128 Cal.App.4th 1046, multiple restitution fines were imposed under sections 1202.4(b) and 1202.45. The courts declined to follow *Ferris* because the cases before them had not been consolidated, but merely disposed of at the same time by plea bargain. (*Schoeb*, at pp. 863–865; *Enos*, at pp. 1048–1049.)

■ The Court of Appeal here distinguished *Schoeb* and *Enos* on the ground that in those cases, the total fines did not exceed the $10,000 statutory limit. The *Schoeb* and *Enos* courts reasoned that no prejudice could be shown in that circumstance. (*People v. Schoeb, supra*, 132 Cal.App.4th at p. 865; *People v. Enos, supra*, 128 Cal.App.4th at p. 1049.) However, this was an alternative rationale. *Schoeb* and *Enos* support the proposition that without consolidation, separately filed cases remain separate for purposes of the restitution statutes, even when they are jointly resolved at the plea and sentencing stages. In the context of sections 1202.4(b) and 1202.45, a "case"

---

[5] Section 667, subdivision (a)(1) authorizes a sentence enhancement for certain prior felony convictions "on charges brought and tried separately." The defendant in *Smith* argued, unsuccessfully, that this requirement was not met because his prior convictions were the product of pleas entered and sentences imposed on the same dates. The record indicated that two sets of priors were resolved by plea bargain, and one set was simply resolved simultaneously after guilty pleas. (*Smith, supra*, 7 Cal.App.4th at p. 1189, fn. 4.)

is a formal criminal proceeding, filed by the prosecution and handled by the court as a separate action with its own number.

The Court of Appeal, following *Ferris*, reasoned that ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation. But as we have frequently noted, "that rule applies 'only if two reasonable interpretations of the statute stand in relative equipoise.' [Citation.]" (*People v. Oates* (2004) 32 Cal.4th 1048, 1068 [12 Cal.Rptr.3d 325, 88 P.3d 56]; see also, e.g., *People v. Farell* (2002) 28 Cal.4th 381, 394 [121 Cal.Rptr. 2d 603, 48 P.3d 1155]; *People v. Avery* (2002) 27 Cal.4th 49, 58 [115 Cal.Rptr.2d 403, 38 P.3d 1].) The Court of Appeal's construction of the "in every case" terms of sections 1202.4(b) and 1202.45 does not stand comfortably beside the commonsense approach of *Schoeb* and *Enos*. When several cases are resolved by a single plea bargain in which the defendant enters separate pleas, it is plain that there is one bargain but multiple cases. "Although it is the policy of this state to have courts construe penal laws as favorably to criminal defendants as reasonably permitted by the statutory language and circumstances of the application of the particular law at issue [citations], that policy generally comes into play only when the language of the penal law 'is susceptible of two constructions' [citation], a situation not present here." (*People v. Gardeley* (1996) 14 Cal.4th 605, 622 [59 Cal.Rptr.2d 356, 927 P.2d 713]; see also *In re Derrick B.* (2006) 39 Cal.4th 535, 539 [47 Cal.Rptr.3d 13, 139 P.3d 485] ["When the statutory language is clear, we need go no further."].)

The Court of Appeal recognized that the *Ferris* rule "does not maximize the amount of money that could be collected from convicted felons for purposes of restitution," but concluded that the rule "is not inconsistent with the statutory purpose and does not frustrate or defeat it." We need not consider whether this reasoning is sound in the relatively unusual circumstances addressed in *Ferris*, which are not before us. However, if routinely applied to the common situation of a plea bargain resolving multiple unconsolidated cases, the *Ferris* rule would considerably reduce restitution fines, with consequences inimical to the statutory plan.[6]

The "in every case" terms of sections 1202.4 and 1202.45 may be traced back to the initiative measure adopting article I, section 28, subdivision (b) of our state Constitution.[7] Although that measure was aimed at restitution paid

---

[6] We note that defendants are free to negotiate the amount of restitution fines as part of their plea bargains.

[7] The Court of Appeal accurately noted the origin of the statutory language before us: "The phrase 'in every case' was apparently taken from the 1982 voter initiative called the Victim's Bill of Rights. The initiative added article I, section 28, subdivision (b) to the California

directly by defendants to victims, it remains the case that the legislative purpose of the entire statutory restitution scheme is to recoup from prisoners and parole violators some of the costs of providing restitution to crime victims. (*People v. Oganesyan* (1999) 70 Cal.App.4th 1178, 1184 [83 Cal.Rptr.2d 157]; see also *People v. Andrade, supra,* 100 Cal.App.4th at pp. 356–357.) Restitution fines serve additional important objectives of rehabilitation and deterrence. (*People v. Jennings* (2005) 128 Cal.App.4th 42, 57 [26 Cal.Rptr.3d 709]; Stats. 1994, ch. 1106, § 1, pp. 6547–6548.)[8]

■ None of these goals is furthered by a rule that contravenes the statutory language by allowing only one set of fines to be imposed after a plea bargain, regardless of how many cases are resolved by the bargain. Defendants who commit multiple crimes, and are consequently before the court in multiple cases when their pleas are taken, are properly subject to multiple fines. This straightforward application of the requirement that fines be imposed "in every case" serves the purpose of the state Restitution Fund, as well as the rehabilitative and deterrent functions of restitution fines. (§§ 1202.4(b), 1202.45.)

---

Constitution, which established the right of crime victims to receive restitution directly 'from the persons convicted of the crimes for losses they suffer.' (Cal. Const., art. I, § 28, subd. (b).) The new provision stated, 'It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons *in every case,* regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary.' (*Ibid.,* italics added.)

"The new provision, which was not self-executing, also directed the Legislature to adopt implementing legislation, and one piece of responsive legislation was section 1202.4. (*People v. Narron* (1987) 192 Cal.App.3d 724, 732, fn. 4 [237 Cal.Rptr. 693]; see *People v. Giordano* (2007) 42 Cal.4th 644, 651–654 [68 Cal.Rptr.3d 51, 170 P.3d 623] [reviewing the history of California's restitution statutes].)"

We need not repeat here the history set out in *Giordano.* We note, however, that section 1202.4 was originally enacted in 1983, the year following passage of the Victim's Bill of Rights. The "in every case" language of section 1202.4(b) first appeared in a 1994 amendment. Before then, the Legislature used the term "in any case." (Stats. 1994, ch. 1106, § 3, p. 6548; see *People v. Giordano, supra,* 42 Cal.4th at p. 652.) Section 1202.45 was added in 1995, with little documentation of its legislative history. (Stats. 1995, ch. 313, § 6, p. 1758; *People v. Andrade* (2002) 100 Cal.App.4th 351, 356 [121 Cal.Rptr.2d 923].)

[8] Section 1 of this 1994 enactment, which largely shaped the current version of section 1202.4, includes the following uncodified legislative findings and declarations:

"(a) Section 28(b) of Article I of the California Constitution secures the right to restitution for 'all persons who suffer losses as a result of criminal activity.'

"(b) Restitution is recognized to have a rehabilitative effect on criminals.

"(c) Restitution is recognized as a deterrent to future criminality.

"(d) The right of persons to receive restitution for losses suffered as a result of criminal activity shall be secured as provided in this act." (See *People v. Giordano, supra,* 42 Cal.4th at pp. 653–654.)

## DISPOSITION

We reverse the Court of Appeal's judgment.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.