Filed 5/10/13  P. v. Gonsalvez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072242 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F06357) |
| v. | |
| JOHNNY MANUEL GONSALVEZ, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  We shall remand the matter for correction of the abstract of judgment and otherwise affirm.

On January 17, 2012, a complaint deemed an information was filed in case No. 11F06357 accusing defendant Johnny Manuel Gonsalvez of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).[1]

---

[1]     Undesignated section references are to the Penal Code.

On June 5, 2012, defendant pleaded no contest to the assault charge. The stipulated factual basis for the plea was as follows: On or about September 13, 2011, defendant had a verbal argument with the victim, Tamara S. After she slapped him, he struck her with a box cutter, causing a laceration approximately three inches long on her back.

The trial court also found that defendant had violated the terms and conditions of probation in two trailing cases, case Nos. 09F02295 and 10F07079, in that he failed to obey all laws.

The trial court referred the matter to the Department of Corrections and Rehabilitation for a diagnostic study and evaluation (§ 1203.03).

On August 31, 2012, having reviewed the diagnostic evaluation, the trial court denied probation and sentenced defendant to a three-year term in state prison in case No. 11F06357. The court also terminated the grants of probation in case Nos. 09F02295 and 10F07079. As to case No. 10F07079, in which defendant was charged with possession of narcotics and specified non-narcotics (Health & Saf. Code, § 11377, subd. (a)), the court deleted defendant from the Proposition 36 program and sentenced him to 16 months in state prison; because he received credit for time served, this sentence did not add to his actual term.

The trial court awarded defendant 530 days of presentence custody credit in case No. 11F06357 (354 days of actual credit and 176 days of conduct credit) and 716 days of presentence custody credit in case No. 10F07079 (358 days of actual credit and 358 days of conduct credit). As to case No. 11F06357, the court imposed a $240 restitution fine (§ 1202.4, subd. (b)) and a $240 suspended parole revocation restitution fine (§ 1202.45), a $40 court operations assessment fee (§ 1465.8, subd. (a)(1)(A)), a $340.01 main jail booking fee and a $62.09 mail jail classification fee (Gov. Code, § 29550.2), and a $30 court facility fee (Gov. Code, § 70373). The court reserved jurisdiction for an award of restitution to the victim in an amount to be determined.

2

The abstract of judgment also indicates a $200 restitution fine (§ 1202.4, subd. (b)) and a $200 suspended parole revocation restitution fine (§ 1202.45) as to case No. 10F07079, which the trial court did not orally impose.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We conclude, however, that the matter must be remanded for correction of the abstract of judgment, because one of the two fines reflected thereon as to case No. 10F07079 is improper.

The restitution fine under section 1202.4, subdivision (b), is mandatory in every case where a person is convicted of a crime, unless the trial court finds compelling and extraordinary reasons for not imposing the fine and states them on the record. The statute does not contain any exception for cases where the defendant's sentence will not result in additional time in custody, as here. The trial court did not state reasons on the record for not imposing the fine. And when a defendant has committed multiple crimes which are resolved in a single plea bargain, the defendant is properly subject to a fine for each crime. (*People v. Soria* (2010) 48 Cal.4th 58, 66.) Therefore, the fine pursuant to section 1202.4, subdivision (b), is mandatory as to case No. 10F07079. But the result is different as to the suspended parole revocation fine under section 1202.45, as we explain.

The suspended parole revocation restitution fine is mandatory in every case where a person is convicted of a crime and whose sentence "includes a period of parole." (§ 1202.45.) A person released from state prison on or after October 1, 2011, after serving a

3

prison term for an offense or "whose sentence has been deemed served pursuant to Section 2900.5" is subject to parole only if his or her offense constitutes a serious or violent felony, a strike, a crime which classifies him or her as a "High Risk Sex Offender," or one which requires him or her to undergo treatment by the State Department of State Hospitals on release; all other offenders are subject to postrelease supervision. (§ 3000.08, subds. (a), (b).) Because defendant's presentence custody credits as to case No. 10F07079 (716 days) exceed the sentence imposed (one year four months), his sentence in that case has been deemed served. (§§ 1170, subd. (a)(3), 2900.5.) The offense for which he was sentenced in that case (possession of narcotics under Health & Saf. Code, § 11377, subd. (a)) does not fall into any of the categories of offenses that are subject to parole under section 3000.08, subdivision (a). Thus, defendant's sentence in case No. 10F07079 does not include a period of parole, and a suspended parole revocation restitution fine under section 1202.45 may not be imposed in that case. We must therefore remand the matter with directions to prepare a corrected abstract of judgment that deletes the fine under section 1202.45 as to case No. 10F07079.

DISPOSITION

The matter is remanded to the trial court with directions to order the preparation of a corrected abstract of judgment that deletes the fine under section 1202.45 in case No. 10F07079. In all other respects, the judgment is affirmed.


          NICHOLSON     , J.

We concur:


      RAYE        , P. J.


      MURRAY     , J.


4