Filed 5/23/14  P. v. Turner CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HAZEL MAE TURNER,<br><br>Defendant and Appellant. | F067073<br><br>(Super. Ct. Nos. BF145491A, BF145497A, BF145531A)<br><br>**O P I N I O N** |

### THE COURT*

APPEAL from the judgments of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Sylvia Whatley Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Levy, Acting P.J., Cornell, J., and Franson, J.

Hazel Mae Turner appeals from the trial court's imposition of fees in the amount of $45 pursuant to former Penal Code section 1205, subdivision (d)[1] (now subdivision (e)).[2] Turner contends the $45 fees were unauthorized because they exceed $30, the maximum amount allowable under the statute. She further contends the court was only authorized to impose a single $30 fee because she was sentenced in multiple cases on the same day.

The Attorney General concedes the maximum allowable fee under the statute is $30 and requests that the $45 fee be stricken. The Attorney General, however, does not agree that the trial court erred in imposing a fee in each case. We will order the three $45 fees stricken and corrected to reflect a $30 fee in each case. In all other respects, we affirm the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

On December 5, 2012, the Kern County District Attorney filed a complaint in case number BF145491A charging Turner with two counts of second degree burglary (§ 460, subd. (b)) and two counts of forgery (§ 470, subd. (d)) related to offenses that occurred in July 2012. On December 6, 2012, the district attorney filed a complaint in case number BF145497A charging Turner with second degree burglary and two counts of forgery (§ 470, subds. (a) & (d)) related to offenses that occurred in December 2012. On December 7, 2012, the district attorney filed a complaint in case number BF145531A charging Turner with second degree burglary related to an offense committed in June 2012.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Section 1205, as amended in 2012, redesignated subdivision (d) as subdivision (e) with no changes. (Stats. 2012, ch. 49, § 1, pp. 2203-2204.)

In February 2013, Turner appeared at a plea and sentencing hearing on all three cases and pled no contest to two counts of forgery in case number BF145491A, to two counts of forgery in case number BF145497A, and to one count of second degree burglary in case number BF145531A in exchange for a total term of three years in jail, dismissal of the remaining charges in the three cases as well as the charges in a fourth case (BF145905A).

After entering her no contest pleas, Turner requested immediate sentencing in all three cases. Pursuant to the plea agreement, the trial court denied Turner's application for probation and orally pronounced judgment separately in each case. The trial court selected one of the forgery convictions in case number BF145491A as the principal term and imposed the upper term of three years. The court sentenced Turner to the upper term of three years for the remaining convictions to be served concurrently. The court also imposed restitution fines (§ 1202.4, subds. (b) & (f)) and fees including an accounts receivable fee of $45 pursuant to section 1205, subdivision (d) as to each case.

This appeal ensued.

## DISCUSSION

Turner contends the trial court was not authorized under section 1205, subdivision (d) to impose multiple fees in excess of $30. Former section 1205, subdivision (d) (now subdivision (e)) (hereinafter referred to as subdivision (e)), authorizes the $30 fee to cover the clerical and administrative costs required to process a defendant's fine payments. Subdivision (e) provides in part:

> "The defendant shall pay to the clerk of the court or the collecting agency a fee for the processing of installment accounts. This fee shall equal the administrative and clerical costs, as determined by the board of supervisors, or by the court, depending on which entity administers the account. The defendant shall pay to the clerk of the court or the collecting agency the fee established for the processing of the accounts receivable that are not to be paid in installments. The fee shall equal the administrative and clerical costs, as determined by the board of supervisors, or by the court, depending

3

on which entity administers the account, except that the fee shall not exceed thirty dollars ($30)."

The parties agree the trial court erred when it imposed $45 fees. We concur and will order the fee amount reduced to $30.

The parties disagree, however, on whether the trial court was authorized to impose a $30 fee for each case. Turner contends subdivision (e) should be construed as permitting the imposition of a single $30 fee when a defendant is sentenced in multiple cases on the same day. She reasons that other fee-imposing statutes specify whether the fee applies to "every conviction" or "per count." If the Legislature intended for subdivision (e) to apply to each case, she contends, it knows how to force such a requirement by express terms. As examples, she cites section 1465.8 which imposes a court operations charge for "every conviction for a criminal offense" and Government Code section 70373 which imposes a court facilities "assessment … on every conviction for a criminal offense." Since the Legislature did not specify that the fee in subdivision (e) should be applied to "every conviction" or "in any case," she further contends, subdivision (e) is ambiguous and under the doctrine of lenity should be construed in her favor. Construing it in her favor would authorize the trial court to apply the fee "once to an aggregate judgment …. "

We find no ambiguity in the language of subdivision (e). It requires a $30 fee to fund the clerical and administrative costs of processing accounts receivable that are not paid in installments. Unlike the statutes Turner cited as examples, subdivision (e) relates to accounts, not convictions. Conceivably the person or entity collecting the fee would set up an account by case number. Where, as here, the criminal cases are not consolidated under one case number but instead treated separately for purposes of sentencing, there would be three separate accounts and a separate $30 fee payable for each account.

4

Our conclusion the trial court properly imposed separate fees for each of Turner's three criminal cases is bolstered by the California Supreme Court's holding in *People v. Soria* (2010) 48 Cal.4th 58 (*Soria*) which—though it pertains to restitution fines under sections 1202.4, subdivision (b) and 1202.45—is instructive for our purposes. "Section 1202.4(b) requires the [trial] court to impose 'a separate and additional restitution fine' … '[i]n every case where a person is convicted of a crime,' absent 'compelling and extraordinary reasons for not doing so.' Section 1202.45 similarly requires 'an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4,' '[i]n every case where a person is convicted of a crime and [the] sentence includes a period of parole ….'" (*Soria*, *supra*, 48 Cal.4th at p. 62.)

In *Soria*, the defendant was separately charged in three different cases. He entered negotiated pleas in all three cases at a single hearing and the trial court ordered restitution fines in each case. The defendant appealed, arguing that imposing separate fines in each case was unauthorized. The Court of Appeal agreed. It found the "statutory term 'in every case' to be ambiguous as applied to a plea bargain resolving separately filed charges." (*Soria*, *supra*, 48 Cal.4th at p. 62.) It also found that "the resolution of multiple charges in a single plea bargain amounts to an 'effective consolidation.'" (*Id*. at pp. 63-64.) Thus, it held that the "phrase 'in every case' in sections 1202.4 and 1202.45 'may reasonably be construed to include multiple cases that are fully and completely resolved at the same time under a package plea bargain'" (*Soria*, *supra*, 48 Cal.4th at p. 62) and therefore only one set of restitution fines could be imposed. (*Id*. at p. 61.)

The *Soria* court rejected the Court of Appeal's conclusion and held: "When separate pleas are entered in separately charged cases, 'every case' plainly means each case filed against the defendant." (*Soria*, *supra*, 48 Cal.4th at pp. 62-63.) The Court stated:

5

"When several cases are resolved by a single plea bargain in which the defendant enters separate pleas, it is plain that there is one bargain but multiple cases." (*Soria*, *supra*, 48 Cal.4th at p. 65.) Absent consolidation, "separately filed cases remain separate for purposes of the restitution statutes, even when they are jointly resolved at the plea and sentencing stages. In the context of sections 1202.4(b) and 1202.45, a 'case' is a formal criminal proceeding, filed by the prosecution and handled by the court as a separate action with its own number." (*Id*. at pp. 64-65.) "Defendants who commit multiple crimes, and are consequently before the court in multiple cases when their pleas are taken, are properly subject to multiple fines." (*Id*. at p. 66.)

In our view, the rationale enunciated in *Soria* applies to the fees imposed under subdivision (e) in this case. Turner entered into a plea agreement which resolved three unconsolidated cases at the same hearing. In its oral pronouncement, the trial court identified each case by its case number in rendering Turner's sentence. As to each case, the court imposed a fee under subdivision (e) which it was authorized to do.

## DISPOSITION

The judgments set forth in the minute orders of February 13, 2013, in case numbers BF145491A, BF145497A, and BF145531A are modified by striking the accounts receivable fee of $45 in each case and imposing an accounts receivable fee under Penal Code section 1205, subdivision (e) in the amount of $30 in each case. As amended, the judgments are affirmed.

6