Filed 10/19/20  P. v. Hunter CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

BRIUANA LASHANAE HUNTER,

    Defendant and Appellant.

E073825

(Super.Ct.No. RIF1105356)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

# INTRODUCTION

Defendant and appellant Briuana Lashanae Hunter appeals the trial court's order denying her petition for resentencing pursuant to Penal Code[1] section 1170.95, arguing the trial court erred when it determined that her voluntary manslaughter and attempted murder convictions are ineligible for relief under the statute. For the reasons explained, we affirm the order and direct the superior court to amend the abstract of judgment.

# II

# BACKGROUND

Originally charged with first degree murder along with her mother, in 2013 defendant ultimately pleaded guilty to one count of voluntary manslaughter (§ 192, subd. (a)) and three counts of attempted murder (§§ 664 & 187, subd. (a)). Defendant also admitted that a principal used a firearm (§ 12022, subd. (a)(1)) during the commission of the voluntary manslaughter. In return, the remaining charges and enhancement allegations were dismissed, and defendant was sentenced to a total term of 18 years in prison.[2]

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] Defendant was originally sentenced to 18 years four months. However, pursuant to a letter submitted by the California Department of Corrections and Rehabilitation, in July 2018, the trial court amended defendant's sentence to a total term of 18 years. The court stayed the one-year term for the gun enhancement and ordered an amended abstract of judgment. The amended abstract of judgment incorrectly indicates defendant's total sentence of 19 years and fails to note the firearm enhancement was stayed. We shall order the clerk of the superior court to issue an amended abstract of judgment to reflect defendant's correct sentence.

While defendant was serving her 18-year prison term, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 1-4) (Senate Bill 1437), which amended the law governing murder liability under the felony murder and natural and probable consequences theories and provided a new procedure under section 1170.95 for eligible defendants to petition for recall and resentencing.

On August 29, 2019, defendant filed a petition to vacate her voluntary manslaughter and attempted murder convictions and for resentencing pursuant to section 1170.95.

On September 13, 2019, the trial court summarily denied the petition without prejudice, finding defendant had not established a prima facie case for resentencing, as she was not convicted of murder. Defendant timely appealed from the trial court's order.

## III

## DISCUSSION

Defendant contends that the trial court erred in summarily denying her petition for resentencing under section 1170.95. Specifically, she claims that she is eligible for relief under section 1170.95 because she pleaded guilty to voluntary manslaughter and attempted murder rather than face a likely conviction for murder at trial. Defendant also argues that it is a violation of equal protection to deny resentencing under section 1170.95 to persons who pleaded guilty to voluntary manslaughter and/or attempted murder to avoid a murder conviction under the felony-murder rule. We disagree.

3

A.    *Relevant Legal Principles and Standard of Review*

Senate Bill 1437 "redefined malice under section 188 to require that the principal acted with malice aforethought.  Now, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.'  (§ 188, subd. (a)(3).)  Senate Bill 1437 also amended section 189, which defines the degrees of murder, by limiting the scope of first degree murder liability under a felony-murder theory.  (§ 189, subd. (e).)"  (*People v. Turner* (2020) 45 Cal.App.5th 428, 433 (*Turner*).)  These changes were prospective, but the Legislature also created a mechanism in section 1170.95 for certain defendants whose criminal cases proceeded under the prior versions of the statutes to petition for resentencing.

Subdivision (a) of section 1170.95 states, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

4

If a defendant files a petition setting forth a prima facie case that he or she meets these requirements, then the trial court must issue an order to show cause and hold a hearing. (§ 1170.95, subd. (c).) At that hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1170.95, subd. (d)(3).) "If petitioner is entitled to relief pursuant to this section, murder was charged generically, and the target offense was not charged, the petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes." (§ 1170.95, subd. (e).)

Because defendant's argument that she met section 1170.95's requirements presents a pure question of law, we independently review the trial court's ruling. (*Turner*, *supra*, 45 Cal.App.5th at p. 435.) "As with any question of statutory interpretation, 'our primary task is to give effect to the Legislature's intended purpose in enacting the law.' [Citation.] 'We begin with the statute's text, assigning the relevant terms their ordinary meaning, while also taking account of any related provisions and the overall structure of the statutory scheme. [Citation.] Essential is whether our interpretation, as well as the consequences flowing therefrom, advances the Legislature's intended purpose. [Citation.] Where the statutory text admits of more than one

reasonable interpretation, we may consider various extrinsic aids—including the legislative history—to the extent they are helpful in illuminating that purpose.'" (*Ibid*.)

  B.  *Application of Section 1170.95 to Voluntary Manslaughter Plea*

  Defendant argues section 1170.95 applies to persons who were charged with murder under a felony murder or natural and probable consequences theory but pleaded guilty to manslaughter to avoid trial.  After defendant filed her opening brief in this case, this court in *People v. Sanchez* (2020) 48 Cal.App.5th 914, along with our colleagues in Division One and the First and Second District Courts of Appeal, issued opinions in separate cases rejecting most of the arguments defendant advanced in her opening brief. (*Sanchez*, at p. 919; *Turner*, *supra*, 45 Cal.App.5th 428 [Fourth Dist., Div. One]; *People v. Flores* (2020) 44 Cal.App.5th 985 [Fourth Dist., Div. One] (*Flores*); *People v. Cervantes* (2020) 44 Cal.App.5th 884 [Second Dist., Div. Six] (*Cervantes*); *People v. Paige* (2020) 51 Cal.App.5th 194, 201 [First Dist., Div. Two] (*Paige*).)  We agree with those decisions and reject those arguments.

  As noted, "'[i]f the language [of a statute] is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.'"  (*Flores*, *supra*, 44 Cal.App.5th at p. 992.)

  "[S]ection 1170.95 authorizes only a person who was 'convicted of felony *murder* or *murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated . . . .'  ([§ 1170.95], subd. (a), italics added.) . . . In lieu of a resentencing hearing,

the parties may stipulate that 'the petitioner is eligible to have his or her *murder* conviction vacated' and to be resentenced.  (*Id*., subd. (d)(2), italics added.)"  (*Flores*, *supra*, 44 Cal.App.5th at p. 993.)

As this court recently explained, "[b]y its plain language, section 1170.95 thus makes resentencing relief available only to qualifying persons convicted of murder." (*Sanchez*, *supra*, 48 Cal.App.5th at p. 918.)  Relying on the italicized language above, other Courts of Appeal have uniformly concluded a person convicted of manslaughter is not entitled to relief under section 1170.95's plain terms.  (*Paige*, *supra*, 51 Cal.App.5th at p. 201; *Turner*, *supra*, 45 Cal.App.5th at p. 432; *Flores*, *supra*, 44 Cal.App.5th at p. 993; *Cervantes*, *supra*, 44 Cal.App.5th at p. 887.)  We agree with the reasoning of these cases and therefore need not, and do not, recite it at length.  Defendant has given us no reason to depart from our decision in *Sanchez* or the conclusions reached in the other Courts of Appeal.

Defendant relies on section 1170.95, subdivision (a)(2), which provides, "[t]he petitioner was convicted of first degree or second degree murder following a trial or *accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder*."  (Italics added.)  Defendant claims under the plain language of this subdivision, the statute applies to someone charged with murder, who was convicted by plea to manslaughter to avoid a conviction for murder.  This claim is unpersuasive, because it "places outsized importance on a single clause to the exclusion of the provision's other language. . . . [T]he remaining portions of section 1170.95

7

repeatedly and exclusively refer to murder, not manslaughter." (*Flores*, *supra*, 44 Cal.App.5th at p. 995.) Furthermore, we rejected a similar argument in *Sanchez*, finding it "unpersuasive because it 'ignores the introductory language in section 1170.95, subdivision (a) that limits petitions to persons "convicted of . . . murder."'" (*Sanchez*, *supra*, 48 Cal.App.5th at p. 919, italics omitted; see *Turner*, *supra*, 45 Cal.App.5th at p. 436.)

Defendant also contends there is an ambiguity in the statute, in that section 1170.95, subdivision (a), appears to apply only to those convicted of murder, as opposed to the language of section 1170.95, subdivision (a)(2), which appears broader in that it includes those who accepted a plea offer in lieu of trial. Again, we rejected the same argument in *Sanchez* and explained: "Specifying that section 1170.95 applies to murder convictions both by trial and by guilty plea clarifies that it does not matter how the murder conviction was obtained for section 1170.95 to apply. Regardless of whether that clarification was necessary, '"the Legislature may choose to state all applicable legal principles in a statute rather than leave some to even a predictable judicial decision."' [Citation.] Express statutory language defining the class of defendants to whom section 1170.95 applies is not surplusage. [Citation.] Such clarification 'may eliminate potential confusion and avoid the need to research extraneous legal sources to understand the statute's full meaning.'" (*Sanchez*, *supra*, 48 Cal.App.5th at p. 919.)

Nor, contrary to defendant's claim, is such an interpretation absurd or contrary to the legislative intent. Defendant believes such an interpretation produces an absurd result by allowing more culpable individuals to seek relief under section 1170.95. As in *Sanchez*, we agree with the other courts that have rejected the same argument. (*Sanchez*, *supra*, 48 Cal.App.5th at pp. 916, 919-920 [charged with first degree murder with a gang enhancement, pleaded guilty to voluntary manslaughter and admitted enhancement]; *Cervantes*, *supra*, 44 Cal.App.5th at p. 887 [charged with murder, pleaded no contest to voluntary manslaughter]; *Flores*, *supra*, 44 Cal.App.5th at pp. 989-990, 996-997 [charged with murder with robbery and gang enhancements, pleaded guilty to voluntary manslaughter and admitted enhancements]; *Turner*, *supra*, 45 Cal.App.5th at pp. 431-432, 438-439 [charged with first degree murder and firearm and gang enhancements, pleaded guilty to voluntary manslaughter and admitted firearm enhancement].)

"The legislative goal was to eliminate the sentencing disparity caused by the felony murder rule. That goal was properly achieved by the section 1170.95 petition procedure to vacate those murder convictions." (*Cervantes*, *supra*, 44 Cal.App.5th at p. 889, fn. omitted; see *Flores*, *supra*, 44 Cal.App.5th at pp. 996-997.) The punishment for manslaughter is already less than that imposed for first or second degree murder, and the determinate sentencing ranges permit a sentencing court to make punishment commensurate with a defendant's culpability based on aggravating and mitigating factors. "Providing relief solely to defendants convicted of murder under a felony-murder or natural and probable consequences theory does not conflict with the

9

Legislature's stated objective to make 'statutory changes to more equitably sentence offenders.'" (*Turner*, *supra*, 45 Cal.App.5th at p. 439, italics omitted.)

Defendant further argues that we should interpret section 1170.95 as applying to voluntary manslaughter convictions by applying the rule of lenity. The rule of lenity states that "ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation." (*People v. Soria* (2010) 48 Cal.4th 58, 65.) However, our Supreme Court has cautioned that the "'rule applies "only if two reasonable interpretations of the statute stand in relative equipoise."'" (*Ibid*.) As we have discussed above, we do not find defendant's interpretation of section 1170.95 plausible in its own right, so it is not in equipoise with the interpretation of the statute we have endorsed in *Sanchez* or as reasoned in *Cervantes*, *Flores*, and *Turner*. We therefore have no occasion to invoke the rule of lenity.

Defendant acknowledges *Turner* in his reply brief and asserts it was wrongly decided. We disagree and conclude the trial court did not err in summarily denying defendant's petition because she was not convicted of murder.

Lastly, defendant contends an interpretation of section 1170.95 that excludes voluntary manslaughter plea convictions would violate equal protection principles. We rejected this contention in *Sanchez*, and for the same reasons, do so again here. (See *Sanchez*, *supra*, 48 Cal.App.5th at pp. 920-921.) Excluding those convicted of manslaughter from section 1170.95 does not violate equal protection. (*Ibid*.; see *Cervantes*, *supra*, 44 Cal.App.5th at p. 888 ["The decision not to include manslaughter in

10

section 1170.95 [fell squarely] within the Legislature's 'line-drawing' authority as a rational choice that [was] not constitutionally prohibited."].)

Based on the foregoing, we conclude, as we did in *Sanchez*, that section 1170.95 relief is not available to those offenders who pleaded guilty to voluntary manslaughter.

C.     *Application of Section 1170.95 to Attempted Murder*

Defendant contends that the plain language of Senate Bill 1437 indicates the legislature intended it to encompass attempted murder based on a natural and probable consequence theory, and therefore, the trial court erred in finding Senate Bill 1437 did not apply to her attempted murder convictions.

As defendant acknowledges, appellate courts have held that, by its plain terms, Senate Bill 1437 does not encompass attempted murder. (*People v. Munoz* (2019) 39 Cal.App.5th 738, 749-751, review granted Nov. 26, 2019, S258234 (*Munoz*); *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1103-1105, review granted Nov. 13, 2019, S258175 (*Lopez*)[3].) We note a split in authority currently pending before our Supreme Court. The two cases concluding Senate Bill 1437 does not apply to any attempted murder convictions are *Lopez, supra*, 38 Cal.App.5th 1087 and *Munoz, supra*, 39 Cal.App.5th 738. Two other cases hold Senate Bill 1437 applies to premeditated attempted murder convictions if the convictions resulted from a natural and probable consequences theory, but section 1170.95 relief is limited to certain murder convictions and excludes those

---

[3] Under California Rules of Court, rule 8.1115, we may rely on cases pending before the Supreme Court as persuasive authority while review is pending. (Cal. Rules of Court, rule 8.1115(e)(1), eff. July 1, 2016.)

11

convicted of attempted murder:  *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1015-1016, review granted March 11, 2020, S259948 (*Medrano*), and *People v. Larios* (2019) 42 Cal.App.5th 956, 968, 970, review granted February 26, 2020, S259983 (*Larios*).

Pending further guidance from our Supreme Court, we conclude that section 1170.95 provides relief only for persons convicted of murder, not attempted murder.  We note that while courts disagree about whether the Legislature intended to include attempted murder in Senate Bill 1437, no court has held section 1170.95 provides relief for petitioners convicted of attempted murder.

As previously noted, when interpreting a statute, we begin by examining the statute's words, giving them their usual and ordinary meaning.  (*People v. Colbert* (2019) 6 Cal.5th 596, 603; *People v. Ruiz* (2018) 4 Cal.5th 1100, 1105-1106.)  If not ambiguous, the plain meaning controls.  (*People v. Colbert*, at p. 603; *People v. Ruiz*, at p. 1106.)  The plain language of section 1170.95 speaks *only* in terms of murder, not attempted murder.  "Subdivision (a) of . . . section 1170.95 states that a 'person convicted of *felony murder or murder under a natural and probable consequences theory*' may petition to have his or her '*murder conviction* vacated' and for resentencing.  (Italics added.)  To establish entitlement to relief, the petitioner must show he or she was charged with *murder*; was convicted of *first degree or second degree murder*; and could not have been convicted of *first or second degree murder* due to changes to section 188 or 189 wrought by Senate Bill 1437.  (§ 1170.95, subd. (a).)  The remainder of section 1170.95 likewise speaks only in terms of murder, not attempted murder."  (*Munoz, supra*, 39 Cal.App.5th

at p. 754.)  The unambiguous statutory language thus compels the conclusion that the offense of attempted murder is excluded from section 1170.95's ambit.  (*Munoz,* at p. 754; *Lopez*, *supra*, 38 Cal.App.5th at pp. 1103-1105; *People v. Dennis* (2020) 47 Cal.App.5th 838, 841, review granted July 29, 2020, S262184 [Senate Bill 1437 "reaches the crime of murder but has no application to attempted murder"]; *Larios*, *supra*, 42 Cal.App.5th at pp. 961, 969-970 [§ 1170.95 applies only to murder convictions and excludes attempted murder convictions]; *Medrano*, *supra*, 42 Cal.App.5th at p. 1008 ["we agree with *Lopez* and *Munoz* that the petitioning procedure added in section 1170.95 does not apply to attempted murder"].)

Defendant asserts that *Lopez* and *Munoz* were wrongly decided for the reasons stated in *Larios* and other cases.  In contrast to *Lopez* and *Munoz*, *Medrano* and *Larios* concluded that Senate Bill 1437 abrogated the natural and probable consequences doctrine as to both murder and attempted murder.  (*Medrano*, *supra*, 42 Cal.App.5th at p. 1015; *Larios*, *supra*, 42 Cal.App.5th at p. 968.)  *Medrano* further held that, as to nonfinal attempted murder convictions, Senate Bill 1437 applies retroactively on direct appeal.  (*Medrano*, at pp. 1018-1019.)  But even if *Medrano* and *Larios* are correct on these points, they are of no help to defendant; both cases clearly hold that section 1170.95 relief is unavailable to a defendant convicted of attempted murder.

13

Defendant also makes a variety of arguments aimed at sidestepping the import of the above-noted statutory language, but none are persuasive. She argues that Senate Bill 1437's failure to mention attempted murder is of no consequence because section 664 (which sets forth the punishment for attempted crimes), references section 189 (which defines degrees of murder), and section 189 was amended by Senate Bill 1437. Section 664, subdivision (a), states that a person convicted of attempted willful, deliberate, and premeditated murder, "as defined in Section 189," shall be punished by life with the possibility of parole. Senate Bill 1437 did not somehow incorporate attempted murder into its scope simply because section 664 prescribes the punishment for attempted murder.

Defendant further asserts that, because Senate Bill 1437 altered the law of murder, it also altered the law of attempted murder, and the amendments therefore apply to her crimes. Specifically, she claims that "[i]t cannot reasonably be disputed that attempted murder is related and connected to murder. Thus this statement of the need to amend the law as it relates to murder is reasonably read as a need to amend the law regarding the application of the natural and probable consequences doctrine to the related offense of attempted murder." But defendant's judgment is final. The amendments to sections 188 and 189—even if construed to prohibit use of the natural and probable consequences doctrine to prove guilt in an attempted murder case—do not retroactively apply to her. (See *Larios*, *supra*, 42 Cal.App.5th at p. 970 [defendant was "categorically excluded from seeking relief through the section 1170.95 petitioning procedure for his attempted

14

murder convictions, which have long been final"].) Thus, even if Senate Bill 1437 precludes application of the natural and probable consequences doctrine in an attempted murder case, this circumstance has no bearing on the relief offered by section 1170.95, which is expressly limited to murder.

Defendant cites no persuasive authority for the proposition that we must read "attempted murder" into section 1170.95 where the Legislature has plainly omitted it. When the Legislature wishes a statute to encompass both a completed crime and an attempt, "it knows how to say so." (*Munoz*, *supra*, 39 Cal.App.5th at p. 757; see, e.g., §§ 12022.53, subd. (a)(18), 12022, subd. (a)(1), 667.5, subd. (c)(12), 1192.7, subd. (c)(22), (39).) We are not at liberty to add to the statute what the Legislature has omitted. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 545; *Munoz*, at pp. 755-756.) *People v. King* (1993) 5 Cal.4th 59, cited by defendant, does not assist her for the reasons explained at length in *Munoz*. (*Munoz*, at pp. 758-759; *Lopez*, *supra*, 38 Cal.App.5th at pp. 1106-1107.)

Nor does interpreting section 1170.95 to limit relief to persons convicted of murder lead to absurd results, as defendant claims. In *Munoz*, in regard to application of Senate Bill 1437 as a whole, the Court of Appeal considered this contention at length and rejected it. (*Munoz*, *supra*, 39 Cal.App.5th at pp. 756-760.) That same analysis applies here. In a nutshell, it is not clear that interpreting section 1170.95 to apply to convictions for murder, but not attempted murder, will always, or typically, result in longer sentences for the latter. (*Munoz*, at pp. 757-758.) Excluding attempted murder from the statute's

reach does not undermine the Legislature's goal of making punishment commensurate with culpability, because the punishment for attempted murder was already, prior to Senate Bill 1437's enactment, less than that imposed for murder.  (*Id*. at p. 758.)  Even if some attempted murderers are subject to longer sentences than some murderers who obtain relief under section 1170.95, this fact is insufficient to trigger application of the absurdity exception.  (*Munoz*, at p. 758.)  And, contrary to defendant's argument, it is clear that the Legislature intended to exclude persons convicted of attempted murder from the statute's reach.  (*Id*. at p. 757.)

Finally, there is no merit to defendant's contention that construing section 1170.95 to exclude attempted murder violates equal protection principles.  In *Lopez*, the Court of Appeal considered and rejected the contention that construing Senate Bill 1437 to encompass only murder violated equal protection principles; the *Munoz* court came to the same conclusion.  (*Lopez*, *supra*, 38 Cal.App.5th at pp. 1107-1112; *Munoz*, *supra*, 39 Cal.App.5th at pp. 760-768.)  The analyses in those cases apply equally here.  Persons convicted of attempted murder under the natural and probable consequences doctrine are not similarly situated to persons convicted of murder, and the Legislature had a rational basis for excluding attempted murder from the law's scope.  (*Lopez*, at pp. 1109-1113; *Munoz*, at pp. 760-768.)

We cannot conclude section 1170.95's limited avenue for relief to those convicted of felony murder or murder under a natural and probable consequences theory violates equal protection principles. Even if defendants convicted of attempted murder under a natural and probable consequences theory could establish they are "similarly situated" to those convicted of murder under a natural and probable consequences theory for purposes of Senate Bill 1437, as held by *Lopez*, *supra*, 38 Cal.App.5th 1087, and *Munoz*, *supra*, 39 Cal.App.5th 738, there is a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions. "In a world of limited resources, it is reasonable for the Legislature to limit the scope of reform measures to maintain the state's financial integrity. [Citations.]" (*Lopez*, at pp. 1111-1112, fn. omitted; see *Munoz*, at pp. 763-767.)

Thus, in light of section 1170.95's unambiguous language, defendant is categorically excluded from seeking relief through its petitioning procedure for her attempted murder convictions, which have long been final. Because there is a rational basis to exclude defendants convicted of attempted murder from the ambit of section 1170.95, we find no equal protection violation.

IV

DISPOSITION

The trial court's order denying defendant's petition for resentencing pursuant to section 1170.95 is affirmed. For the reasons explained in footnote 2, the clerk of the

17

superior court is directed to prepare an amended abstract of judgment reflecting defendant's correct sentence, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

RAPHAEL
J.

MENETREZ
J.

18