Filed 7/21/22  P. v. Barr CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MICHAEL SHAWN BARR, JR.,<br><br>　　　　Defendant and Appellant. | C093474<br><br>(Super. Ct. No. 19CF05289,<br>　20CF01390) |

Appointed counsel for defendant Michael Shawn Barr, Jr., has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having conducted this review, we will modify the judgment to correct the trial court's failure to impose defendant's restitution fine and parole revocation restitution fine per case.  Finding no other errors that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

## I. BACKGROUND

Defendant resolved multiple cases by pleading no contest to specified counts on November 5, 2020. Relevant to this appeal, in case No. 19CF05289, defendant pled no contest to receiving stolen property (Pen. Code, § 496, subd. (a)),[1] and in case No. 20CF01390, defendant pled no contest to criminal threats (§ 422, subd. (a)). Defendant agreed to a stipulated term comprised of the upper term for the criminal threats count plus a consecutive term for the stolen property count. The remaining counts and all other allegations were dismissed. The stipulated factual bases for the pleas were taken from defendant's declaration of probable cause for detention and bail setting documents for the respective cases.

The probation department prepared presentence reports limited to the calculation of fines, fees, and custody credits for these cases, and sentencing was held on January 7, 2021. The trial court sentenced defendant in accordance with the plea agreement to an aggregate prison term of three years eight months. The trial court further incorporated by reference the fines and fees recommended in the probation report, thereby requiring that defendant pay a $300 restitution fine (§ 1202.4) and a suspended $300 parole revocation restitution fine (§ 1202.45), plus two criminal conviction assessment fees of $30 (Gov. Code, § 70373) and two court operations assessment fees of $40 (§ 1465.8). Finally, the court at a later hearing awarded defendant credit for 93 actual days, plus 92 conduct days, plus seven stayed days, for a total of 192 custody credit days.

Defendant timely filed a notice of appeal on February 3, 2021, and did not request a certificate of probable cause.

---

[1] Further undesignated statutory references are to the Penal Code.

2

## II.  DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we observe that the court's oral pronouncement neglected to impose the $300 restitution and matching $300 suspended parole revocation restitution fines *per case* as required.  (See *People v. Soria* (2010) 48 Cal.4th 58, 66 [restitution fines are to be imposed in each *case* resolved by a plea bargain].)  We can and will modify the judgment to correct this error. (See *People v. Smith* (2001) 24 Cal.4th 849, 853-854 [errors concerning mandatory sentencing decisions are correctable on appeal without the need to remand for further proceedings].)  Finding no other errors that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

### III.  DISPOSITION

The judgment is modified to reflect the imposition of a $300 restitution and matching $300 suspended parole revocation restitution fines in both case No. 19CF05289 and case No. 20CF01390.  Because the abstract of judgment already correctly reflects these amounts, no amendment to that document is necessary.  The judgment is affirmed as modified.

/S/

RENNER, J.

We concur:

/S/

MAURO, Acting P. J.

/S/

HOCH, J.