Filed 10/2/15 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

---

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>GARYON TRACY NETTLES,<br><br>      Defendant and Appellant. | C073336<br><br>(Super. Ct. No. 97F05802)<br><br>ORDER MODIFYING OPINION<br>AND DENYING PETITION<br>FOR REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion filed September 11, 2015, in the above cause is modified in the following respects:

In the last paragraph of page six that continues to the top of page seven, change the following sentence and citation from: "The choice of verb tense is considered significant in construing a statute." (*People v. Dunckhurst* (2014) 226 Cal.App.4th 1034, 1041-1042.) to read as follows: "In construing statutes, the use of verb tense . . . is

1

considered significant." (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 776.)

This modification does not change the judgment.

Appellant's petition for rehearing is denied.


_____/s/_____,
HULL,   Acting P.J.


_____/s/_____,
DUARTE, J.


_____/s/_____,
HOCH, J.

Filed 9/11/15 (unmodified version)

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>\*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

---

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073336 |
| v. | (Super. Ct. No. 97F05802) |
| GARYON TRACY NETTLES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Laurie M. Earl, Judge.  Affirmed.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Eric L. Christoffersen and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

---

\*     Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of parts II and III.

1

Defendant Garyon Tracy Nettles, an inmate serving an indeterminate life sentence imposed pursuant to the three strikes law (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i))[1], appeals from the trial court's denial of his petition to recall his sentence and for resentencing under section 1170.126, which became effective November 7, 2012, after the voters approved Proposition 36, the Three Strikes Reform Act of 2012 (§§ 667, 1170.12, 1170.126; Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Proposition 36 or the Act).

Section 1170.126 "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony *and who is not disqualified*, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 (*Yearwood*), italics added.) The trial court concluded defendant was disqualified because two of his prior strike convictions were for assault with intent to commit rape, a "sexually violent offense" under Welfare and Institutions Code section 6600, subdivision (b). (See §§ 1170.126, subd. (e)(3), 667, subd. (e)(2)(C)(iv)(I), 1170.12, subd. (c)(2)(C)(iv)(I).) Defendant argues: (1) he is eligible for resentencing under the Act because the crime of assault with intent to commit rape was not listed as a sexually violent offense in 1998 when he was sentenced to serve the present indeterminate life term under the three strikes law; (2) the record is insufficient to establish defendant's prior strike offenses were sexually violent in nature; and (3) defendant is entitled to a jury trial on the question of whether these strikes qualify as sexually violent offenses.

---

[1] Undesignated statutory references are to the Penal Code.

We disagree and affirm. As we explain in the published portion of this opinion, under section 1170.126, "[a] prisoner is eligible for resentencing as a second strike offender if all of the following are shown: (1) the prisoner is serving an indeterminate life sentence for a crime that is not a serious or violent felony; (2) the life sentence was not imposed for any of the offenses appearing in sections 667, subdivision (e)(2)(C) and 1170.12, subdivision (c)(2)(C); and (3) the inmate has no prior convictions for any of the offenses appearing in clause (iv) of section 667, subdivision (e)(2)(C) or clause (iv) of section 1170.12, subdivision (c)(2)(C)." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 170.) In *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), our Supreme Court recently held the classification of the current offense as a serious or violent felony is determined as of the date the Act became effective, relying on "section 1170.126's use of the present verb tense in describing the character of the current offense, the parallel structure of the [Act's] sentencing and resentencing provisions, and the ballot arguments in support of Proposition 36." (*Id*. at p. 683.) We similarly conclude the determination of whether or not an inmate is disqualified from resentencing under section 1170.126, subdivision (e)(3), because he or she has a prior conviction for an offense "appearing" in clause (iv) of sections 667, subdivision (e)(2)(C), and 1170.12, subdivision (c)(2)(C), is to be determined as of the date the Act became effective. "A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code" appears in clause (iv) of these subdivisions (§§ 667, subd. (e)(2)(C)(iv)(I); 1170.12, subd. (c)(2)(C)(iv)(I)), and so appeared on the date the Act became effective. Moreover, on that determinative date, Welfare and Institutions Code section 6600 defined "sexually violent offense" to include assault with intent to commit rape. Because defendant has two prior convictions for this crime, the trial court correctly ruled he was disqualified from resentencing.

3

We also conclude in the nonpublished portion of the opinion that the record is more than sufficient to establish defendant's prior assault with intent to commit rape convictions are sexually violent in nature. Nor is defendant entitled to a jury trial on the question.

BACKGROUND

In 1998, defendant was convicted by jury of delivering checks with insufficient funds (§ 476a) and petty theft with a prior (§ 666). Finding true allegations defendant was previously convicted of three strike offenses, the trial court sentenced defendant to serve an indeterminate term of 25 years to life plus a determinate term of one year in state prison. (*People v. Nettles* (Aug. 28, 2000, C029790) [nonpub. opn.].)[2] Two of defendant's prior strike convictions were for assault with intent to commit rape. (§ 220.) Defendant pled guilty to these crimes in 1985. As we described the crimes in our prior opinion: "In December 1984 [defendant] attacked a 23-year-old clerk in a convenience store, repeatedly striking her with his fists, feet, bottles and cans in an attempt to rape her. The victim suffered, among other things, a fractured skull and a collapsed lung, was rendered unconscious and had to be hospitalized for 10 days. Also in December 1984, defendant sexually assaulted a 29-year-old woman in a separate convenience store, striking her with his fists, feet and bottles. She suffered a fractured skull, fractured ribs, torn ear lobes, was rendered unconscious and spent four days in the hospital." (*Nettles*, *supra,* C029790.)

On November 6, 2012, California voters approved Proposition 36. "The Act changes the requirements for sentencing a third strike offender to an indeterminate term

---

**2** We have incorporated the record in defendant's prior appeal (*Nettles, supra,* C029790) into the record in the present appeal. We also take judicial notice of our unpublished opinion in the prior appeal. (Evid. Code, § 452, subd. (d)(1); *Mendoza v. Wichmann* (2011) 194 Cal.App.4th 1430, 1433, fn. 2.)

4

of 25 years to life imprisonment" (§§ 667, 1170.12) and "also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*Yearwood*, *supra*, 213 Cal.App.4th at pp. 167-168.) The same month, defendant filed a petition to recall his sentence and for resentencing under section 1170.126. The trial court denied the petition, concluding defendant's prior convictions for assault with intent to commit rape disqualified him from receiving the benefits of section 1170.126.

DISCUSSION

I

### *Disqualifying Nature of Defendant's Prior Strikes*

Under section 1170.126, "[a] prisoner is eligible for resentencing as a second strike offender if all of the following are shown: (1) the prisoner is serving an indeterminate life sentence for a crime that is not a serious or violent felony; (2) the life sentence was not imposed for any of the offenses appearing in sections 667, subdivision (e)(2)(C) and 1170.12, subdivision (c)(2)(C); and (3) the inmate has no prior convictions for any of the offenses appearing in clause (iv) of section 667, subdivision (e)(2)(C) or clause (iv) of section 1170.12, subdivision (c)(2)(C)." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 170, citing § 1170.126, subd. (e).)

This case involves the third disqualifying circumstance. One category of offense appearing in clause (iv) of sections 667, subdivision (e)(2)(C), and 1170.12, subdivision (c)(2)(C), is "[a] 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§§ 667, subd. (e)(2)(C)(iv)(I), 1170.12, subd. (c)(2)(C)(iv)(I).) Welfare and Institutions Code section 6600, subdivision (b),

5

provides: " 'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as defined in subdivision (a):  a felony violation of Section . . . 220 . . . , committed with the intent to commit a violation of Section 261 . . . ."  Thus, section 1170.126, subdivision (e)(3), disqualifies those three strike offenders who, like defendant herein, have a prior conviction for assault with intent to commit rape that is committed by force or violence.

Nevertheless, defendant argues section 1170.126 is ambiguous as to whether disqualification applies in this case because the crime of assault with intent to commit rape was not listed as a sexually violent offense in 1998 when he was sentenced to his present indeterminate life term under the three strikes law.  In these circumstances, he argues, the rule of lenity should operate in his favor.  We disagree.  The rule of lenity generally requires that "ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation.  But . . . 'that rule applies "only if two reasonable interpretations of the statute stand in relative equipoise."  [Citation.]'  [Citations.]"  (*People v. Soria* (2010) 48 Cal.4th 58, 65; *In re M.M.* (2012) 54 Cal.4th 530, 545.)  On this issue, there is no ambiguity in the language of section 1170.126.  While the crime of assault with intent to commit rape was added to the definition of "sexually violent offense" in 2006 (compare Stats. 2000, ch. 643, § 1, pp. 4192-4194 with Stats. 2006, ch. 337, § 53, pp. 2660-2663), section 1170.126, subdivision (e), clearly states an inmate is ineligible for resentencing if he or she has a prior conviction "for any of the offenses *appearing*" in clause (iv) of sections 667, subdivision (e)(2)(C), and 1170.12, subdivision (c)(2)(C).  (Italics added.)

6

"The choice of verb tense is considered significant in construing a statute." (*People v. Dunckhurst* (2014) 226 Cal.App.4th 1034, 1041-1042.) "Appearing" is the present participle of "appear." For purposes of resentencing, the "present" is the date Proposition 36 became effective, November 7, 2012. (See *Johnson*, *supra*, 61 Cal.4th at pp. 689-690.) On that determinative date, a " 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code" appeared in sections 667, subdivision (e)(2)(C)(iv)(I), and 1170.12, subdivision (c)(2)(C)(iv)(I), and Welfare and Institutions Code section 6600 defined "sexually violent offense" to include assault with intent to commit rape. Had the electorate intended this restriction on resentencing under the Act to apply only to offenses that appeared in the definition of sexually violent offense *at the time the inmate was sentenced to his or her indeterminate life term under the three strikes law*, as defendant asserts, the electorate would have so specified. We cannot, under the guise of statutory interpretation, rewrite the statute. (See, e.g., *Wells Fargo Bank v. Superior Court* (1991) 53 Cal.3d 1082, 1099; *People v. Eckard* (2011) 195 Cal.App.4th 1241, 1248; *People v. Hill* (1995) 37 Cal.App.4th 220, 226.)

This conclusion is bolstered by our Supreme Court's recent decision in *Johnson*, *supra*, 61 Cal.4th 674. There, one of the defendants argued the classification of the current offense as a serious or violent felony should be determined as of the date that offense was committed, rather than the date Proposition 36 became effective. Our Supreme Court disagreed, explaining, "section 1170.126's use of the present verb tense in describing the character of the current offense, the parallel structure of the sentencing and resentencing provisions, and the ballot arguments in support of Proposition 36 lead us to conclude that the classification of an offense as serious or violent for purposes of resentencing is based on the law as of November 7, 2012, the effective date of Proposition 36." (*Johnson, supra,* at p. 683.)

As we have already explained, section 1170.126, subdivision (e)(3), at issue here, also uses the present verb tense. Moreover, the other factors considered by the court in *Johnson, supra,* 61 Cal.4th 674 also confirm the same result should obtain in this case. With respect to the parallel structure of the Act's sentencing and resentencing provisions, the court explained this structure "reflects an intent that sentences imposed on individuals with the same criminal history be the same, regardless of whether they are being sentenced or resentenced." (*Johnson*, *supra*, 61 Cal.4th at p. 686.) Had defendant herein committed his current offense on or after the effective date of Proposition 36, and was being sentenced under section 1170.12, rather than seeking resentencing under section 1170.126, there could be no doubt his prior assault with intent to commit rape convictions would disqualify him from the new sentencing scheme. (See §§ 1170.12, subd. (c)(2)(C)(iv)(I) [same disqualification], 1170.125 ["for all offenses committed on or after November 7, 2012, all references to existing statutes in Sections 1170.12 and 1170.126 are to those sections as they existed on November 7, 2012"].)[3] Applying our Supreme Court's reasoning to this case, because "the Act is more cautious with respect to resentencing," containing a safety valve for those seeking resentencing where the trial court "'determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety,'" "it would be incongruous to *require* a court, absent an unreasonable risk of danger, to resentence an inmate such as [defendant]" where he would be disqualified if he were "being sentenced in the first instance" under section 1170.12 with the same prior convictions. (*Johnson, supra,* at p. 686.) Finally, our

---

[3]   Our Supreme Court also explained section 1170.125's reference to section 1170.126 "makes no sense" because "section 1170.125 concerns only offenses committed *after* Proposition 36 became effective, and section 1170.126 concerns the recall of sentences imposed *before* Proposition 36 revised the Three Strikes sentencing scheme." (*Johnson*, *supra*, 61 Cal.4th at p. 685.)

8

Supreme Court's interpretation of the ballot arguments in support of Proposition 36 also confirms our conclusion in this case. "Those arguments reflect an intent to 'make the punishment fit the crime' and 'make room in prison for dangerous felons.' [Citation.] Given that [defendant's prior assault with intent to commit rape convictions] are now considered [disqualifying offenses], the intent reflected in the ballot arguments to 'keep violent felons off the streets' [citation] and 'prevent[] dangerous criminals from being released early' [citation] would not be served by interpreting the Act to authorize a reduction in his [or her] sentence." (*Johnson, supra,* at p. 686.)

We conclude defendant's prior convictions for assault with intent to commit rape qualify as sexually violent offenses and therefore disqualify him from having his sentence recalled and from being resentenced as a second strike offender under section 1170.126.

## II

### *Sufficiency of the Evidence*

Defendant also claims the record is insufficient to establish his prior strike offenses were sexually violent in nature. Specifically, he argues: "The trial court relied on the plea colloquy to establish that the Strike convictions were sexually violent felonies. This was improper, as the determination of what constitutes a 'sexually violent felony' must be made on the basis of the Legislature's statutory categories alone, without assistance from the record of the Strike convictions." He is mistaken.

Generally, "in determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction." (*People v. Guerrero* (1988) 44 Cal.3d 343, 345.) The record of conviction includes a defendant's guilty plea and "[a] prosecutor's comments occurring immediately before a court accepts a defendant's guilty plea." (*People v. Sample* (2011) 200 Cal.App.4th 1253, 1261; *People v. Roberts* (2011) 195 Cal.App.4th 1106, 1120.)

9

Here, defendant pled guilty to two counts of assault with intent to commit rape in 1985. At the change of plea hearing, the prosecutor stated the factual basis of the plea as follows: "The defendant repeatedly assaulted [the first victim] with fists, feet, bottles, and during the assault defendant inflicted injuries of fractured skull, fractured ribs, collapsed lung, torn ear lobes and unconsciousness and bruises at numerous locations on her body. Additionally, [the first victim's] pants and underpants were removed during the assault. . . . Defendant repeatedly struck [the second victim] with feet, bottles and cans. During the assault, defendant inflicted injuries of a fractured skull, fractured ribs, torn ear lobes, unconsciousness and bruises at numerous locations of her person. Defendant attempted to remove the pants from [the second victim] but was interrupted by the arrival of a customer." The trial court asked defendant whether he agreed that happened. Defendant answered: "Yeah." The trial court then asked whether defendant admitted inflicting the injuries described by the prosecutor. Defendant answered: "Yes." After defense counsel agreed the prosecutor's statement of the factual basis of the plea was reasonably accurate, defendant pled guilty to two counts of assault with intent to commit rape.

Defendant does not dispute he was convicted of assault with intent to commit rape. Assuming this crime can ever be committed other than by force, violence, duress, et cetera, the plea colloquy provides more than sufficient evidence defendant's crimes were committed by force and violence. Nor does defendant persuade us the general rule allowing the fact finder to look to the entire record of conviction should be abandoned in the context of section 1170.126 determinations. We reached the same conclusion in *People v. Guilford* (2014) 228 Cal.App.4th 651, and decline to belabor the point here. (*Id*. at p. 660.) The trial court properly looked to the record of conviction in determining defendant's prior convictions for assault with intent to commit rape qualified as sexually violent offenses.

10

# III

## *Right to Jury Trial*

Finally, defendant asserts he is entitled to a jury trial on the question of whether his convictions for assault with intent to commit rape qualify as sexually violent offenses. Not so.

"The Sixth and Fourteenth Amendments to the United States Constitution preclude a trial court from imposing a sentence above the statutory maximum based on a fact, other than a prior conviction, not found true by a jury." (*People v. Lopez* (2012) 208 Cal.App.4th 1049, 1064; see *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435; *Blakely v. Washington* (2004) 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403; *Cunningham v. California* (2007) 549 U.S. 270, 274-275, 127 S.Ct. 856, 166 L.Ed.2d 856.) In the context of resentencing under section 1170.126, "[t]he maximum sentence to which [the petitioning inmate] is subject [is] the indeterminate life term to which he [or she] was originally sentenced. While Proposition 36 presents him [or her] with an opportunity to be resentenced to a *lesser term*, unless certain facts are established, he [or she] is nonetheless still subject to the third strike sentence based on the facts established at the time he [or she] was originally sentenced." (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1303, italics added.) Accordingly, like the situation in *Dillon v. United States* (2010) 560 U.S. 817, 130 S.Ct. 2683, 177 L.Ed.2d 271, where the Supreme Court held sentence-reduction proceedings authorized by title 18 of the United States Code, section 3582(c)(2), "do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt" (*id*. at pp. 828-829), section 1170.126 "provides for a proceeding where the original sentence may be modified downward. Any facts found at such a proceeding, . . . do not implicate Sixth Amendment issues." (*Kaulick*, *supra*, 215 Cal.App.4th at pp. 1304-1305.)

11

## DISPOSITION

The judgment is affirmed.


                                                _____HOCH_____, J.


We concur:


_____HULL_____, Acting P. J.


_____DUARTE\_\_\_\_\_, J.