Filed 4/21/16  P. v. Veasey CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT EUGENE VEASEY,<br><br>    Defendant and Appellant. | F070740<br><br>(Kern Super. Ct. No. SC070286A)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant/defendant Robert Eugene Veasey is serving a three strikes sentence for a violation of Health and Safety Code section 11350, subdivision (a), possession of a

---

[*] Before Poochigian, Acting P.J., Detjen, J. and Smith, J.

controlled substance.  Defendant filed a petition for resentencing pursuant to Penal Code[1]

section 1170.126.  The trial court denied the petition on the grounds defendant was

ineligible as a result of his prior conviction for assault with intent to commit rape.

Defendant appealed and appellate counsel filed a brief pursuant to *People v. Wende*

(1979) 25 Cal.3d 436 (*Wende*).  We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On August 25, 1997, defendant was sentenced to a term of 25 years to life for

possession of a controlled substance, a violation of Health and Safety Code section

11350.  In November 2012, acting in pro. per., defendant filed a petition for recall of

sentence and resentencing pursuant to section 1170.126.  In his petition, defendant set

forth his criminal history, including a 1985 conviction for assault with intent to commit

rape.

On September 23, 2014, this time through counsel, defendant filed another petition

for recall of sentence pursuant to section 1170.126.  In her declaration in support of the

petition, defendant's counsel declared that defendant had suffered a strike conviction in

1985 for a violation of "section 200, assault with intent to commit rape."

On December 15, 2014, the People filed a response to the petition, contending that

defendant was ineligible for recall and resentencing under section 1170.126, subdivision

(e)(3) and section 667, subdivision (e)(2)(C)(iv), because of the prior conviction for

violating section 220.  The People asked the trial court to take judicial notice of Kern

County Superior Court case No. SC028607A, the case in which defendant had been

convicted of a violation of section "220/221, assault with intent to commit rape."

A hearing was held on defendant's petition on December 19, 2014.  At the

hearing, the trial court noted that it had "looked up the file," and even in defendant's pro.

per. petition, he indicated "that he was convicted of a 220 assault with the intent to

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

commit rape." After this comment, defense counsel submitted the matter. The trial court found defendant ineligible for resentencing and denied the petition.

Defendant filed a notice of appeal on December 26, 2014. Appellate counsel was appointed February 19, 2015.

## DISCUSSION

Defendant's notice of appeal states he is challenging the trial court's determination that he was ineligible for resentencing. Appellate counsel filed a *Wende* brief on April 1, 2015.

Section 1170.126 provides a mechanism for those serving a third strike sentence for a crime that is not a serious or violent felony to petition to have his or her sentence recalled and to be resentenced as a second strike offender. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.) A trial court must determine eligibility of an inmate seeking to recall his or her sentence, as set forth in section 1170.126, subdivision (e). Here, the trial court correctly concluded that defendant's prior conviction for assault with intent to commit rape was a disqualifying prior conviction that made him ineligible for resentencing under section 1170.126. (*People v. Nettles* (2015) 240 Cal.App.4th 402, 408–409.)

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The order denying the petition for recall and resentencing is affirmed.