Filed 11/24/20  P. v. Cooley CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JERIMICHAEL COOLEY,<br><br>    Defendant and Appellant. | G059100<br><br>(Super. Ct. No. 99NF2493)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

This is an appeal from a trial court's denial of defendant Jerimichael Cooley's petition to vacate his murder conviction and to be resentenced. (Pen. Code, § 1170.95.)[1] Cooley's appointed counsel found no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Cooley filed a supplemental brief.

Because a jury found Cooley to be the actual killer and not an accomplice, we affirm the trial court's order denying Cooley's section 1170.95 petition.

I

FACTS AND PROCEDURAL BACKGROUND

In 2005, a jury found Cooley guilty of murder and found true an allegation he personally used a dangerous or deadly weapon (a knife) during the crime. The trial court imposed a 30-year prison sentence. This court affirmed the judgment on appeal. (*People v. Cooley* (Apr. 10, 2007, G035898) [nonpub. opn.].)

In 2019, Cooley filed a section 1170.95 petition. Cooley stated that he "was convicted of second-degree murder pursuant to the 'common-law second-degree-felony-murder' rule." Cooley attached as exhibits the jury instructions from his trial and the prosecutor's closing argument. Cooley argued he "could not now be convicted of 'second-degree murder' under the common-law felony murder rule."

The trial court denied the petition: "A review of court records indicates that the defendant is not eligible under the statute. The defendant's conviction for murder is not based on felony-murder or on a natural and probable consequences theory of vicariously liability for aiders and abettors. The defendant was convicted of committing the murder by his own hand. He was the actual killer."

Cooley filed an appeal. Appointed counsel stated: "No arguable issues have been identified." Cooley filed a supplemental brief on his own behalf.

---

[1] Further undesignated statutory references are to the Penal Code.

II

DISCUSSION

Cooley does not dispute that the jury found him to be the actual killer based upon his murder conviction and the weapon enhancement. Rather, Cooley makes various contentions that he is still eligible for relief under section 1170.95. We disagree.

In this discussion we will: A) state general procedures for *Wende* review; B) outline the relevant provisions of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437); and C) summarize Cooley's contentions and the reasons why they fail.

A. *General Procedures for* Wende *Review*

When appointed counsel is unable to identify any arguable issues on appeal, a court independently reviews the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

When appointed counsel files a *Wende* brief, the appellant has the right to file a supplemental brief raising his or her own contentions. (*Wende*, *supra*, 25 Cal.3d at p. 440.) When "the defendant has filed supplemental contentions" and the judgment is affirmed on appeal "the appellate court necessarily must have considered and rejected those contentions." (*People v. Kelly* (2009) 40 Cal.4th 106, 120.) In these situations, the "opinion must reflect the contentions and the reasons that they fail." (*Ibid*.) However, a "decision does not require an extended discussion of legal principles. [Citations.] Moreover, a recitation of each of the defendant's assertions will not be necessary in all cases; the purposes of the constitutional requirement [for a written decision] may in some

3

circumstances be satisfied by a summary description of the contentions made and the reasons they fail." (*Id.* at p. 121.)

This court recently held "that when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice." (*People v. Flores* (2020) 54 Cal.App.5th 266, 269; compare *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028 ["this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record"].)

## B. Senate Bill 1437

Generally, a defendant who unlawfully kills with malice aforethought is guilty of a murder. (§ 187.) "For purposes of Section 187, malice may be express or implied." (§ 188, subd. (a).) "Malice is express when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature." (§188, subd. (a)(1).) "Malice is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." (§ 188, subd. (a)(2).)

A person may be convicted of crimes as a direct perpetrator, or as an aider and abettor. (§ 31.) An aider and abettor can be held liable for crimes that were intentionally aided and abetted (target offenses); an aider and abettor can also be held liable for any crimes that were unintentional but were reasonably foreseeable (nontarget offenses). (*People v. Laster* (1997) 52 Cal.App.4th 1450, 1463.) Aider and abettor liability for intentional crimes is known as "direct" aider and abettor liability; aider and abettor liability for unintentional crimes is known as the ""'natural and probable consequences" doctrine.'" (*People v. Montes* (1999) 74 Cal.App.4th 1050, 1055.)

A participant in an underlying felony may also be held liable for murder under the felony-murder rule. Under the former first degree felony-murder rule, a

4

participant could be convicted of murder if the victim was killed during the commission of a predicate felony. (See *People v. Cruz* (2020) 46 Cal.App.5th 740, 759-760.) And under the former second degree felony-murder rule, a participant could be convicted of murder if the victim was killed during the commission of a nonpredicate felony that is inherently dangerous to human life. (*In re White* (2019) 34 Cal.App.5th 933, 937, fn. 2.)

Effective January 1, 2019, the Legislature passed Senate Bill 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill 1437 "amended sections 188 and 189 and created new section 1170.95. The amendments to sections 188 and 189 together change the felony murder rules and the 'natural and probable consequences theory' when convicting a participant in a felony for murder, but who did not actually kill the victim." (*In re White*, *supra*, 34 Cal.App.5th at p. 937, fn. 2.) Eligible persons can petition to dismiss their prior murder convictions and be resentenced if they were convicted under an accomplice liability theory of murder that is no longer valid (the natural and probable consequences doctrine and the former felony-murder rules). (§ 1170.95.)

*C. Application and Analysis*

A jury convicted Cooley of murder and found true an enhancement that he personally used a deadly weapon (a knife) during the commission of the crime. That is, the jury found Cooley was the "actual killer" and not an accomplice. Thus, we find that the trial court properly denied Cooley's section 1170.95 petition. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899 [petitioner was convicted of murder as an actual killer and thus was ineligible for relief under section 1170.95].)

5

Cooley contends "the prosecution relied upon the natural and probable consequences doctrine, to convict him for murder, and that, despite being the alleged killer" he is nonetheless eligible for relief under section 1170.95. But the premise of Cooley's argument (the prosecution relied on the natural and probable consequences doctrine) is not consistent with the record in this case.

It is true that the trial court's packet of jury instructions included CALJIC No. 3.02, the former pattern instruction that explained the natural and probable consequences doctrine of aider and abettor liability to the jury. But that jury instruction specifically stated that it only applied to Joseph Richard Duran, who was Cooley's codefendant at trial, a person alleged to be an accomplice in the victim's murder. (See *People v. Duran* (Nov. 28, 2006, G035323) [nonpub. opn.].)

The trial court also instructed: "'Malice' may be either express or implied. [¶] [Malice is express when there is manifested an intention to unlawfully to kill a human being.] [¶] [Malice is implied when: [¶] 1. The killing resulted from an intentional act; [¶] 2. The *natural consequences* of the act are dangerous to human life; and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.]" (CALJIC No. 8.11, italics added.) The prosecutor also argued: "But implied malice simply means the killing resulted from an intentional act. In other words, you intended to do what you did. The *natural consequences* of that act are dangerous to human life. [¶] Pointing a knife and stabbing at somebody, the *natural consequences* of that are dangerous for human life." (Italics added.)

Cooley apparently is of the opinion that the use of the phrase "natural consequences" in the implied malice jury instruction, and also as used by the prosecutor in closing argument (to further explain the concept of implied malice), means the prosecution must have relied on the natural and probable consequences doctrine to convict him of murder. Not so. Implied malice is an entirely distinct concept from the natural and probable consequences theory of aider and abettor liability. (See *infra*.)

6

Indeed, even if the prosecution had alleged an alternative aider and abettor theory as to Cooley, the jury ultimately found true an allegation that Cooley *personally used* a dangerous or deadly weapon (a knife) during the commission of the murder. (See § 12022, subd. (b)(1).) That is, the jury found Cooley to be the "actual killer" (and not an aider and abettor) rendering him ineligible for relief under section 1170.95.

Cooley also contends: "All the appellate courts that have acknowledged the effects sections §§188, 189 has had, never stated that the doctrines abrogated are only when applied to aiders and abettors." As a result, Cooley argues: "The 'lenity-rule' doctrine must apply here, where these newly enacted sections are open to multiple and reasonable interpretations, one which favors Cooley."[2] We disagree.

There are not "multiple and reasonable interpretations" regarding this issue; every relevant published opinion has uniformly held that the postconviction relief under section 1170.95 is not available to actual killers. (See, e.g., *People v. Edwards* (2020) 48 Cal.App.5th 666, 671, italics added [section 1170.95 petitioner was ineligible for relief because he "was not convicted of second degree felony murder or murder under the natural and probable consequences theory *applied to aiders and abettors*"]; see also *In re White*, *supra*, 34 Cal.App.5th at p. 937, fn. 2, italics added ["[t]he amendments to sections 188 and 189 together change the felony murder rules and the 'natural and probable consequences theory' when convicting a participant in a felony for murder, *but who did not actually kill the victim*"].)

In sum, we have found no arguable issues in this appellate record and Cooley's contentions in his supplemental brief are without merit.

---

[2] "The rule of lenity" generally requires a court to resolve an ambiguity in a statute in a defendant's favor, "'giving the defendant the benefit of every reasonable doubt on questions of interpretation.'" (*People v. Nettles* (2015) 240 Cal.App.4th 402, 407-408.)

## III

## DISPOSITION

The trial court's order denying the section 1170.95 petition is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.