Filed 1/28/25  P. v. Nettles CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098242 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F05802) |
| v. | |
| GARYON TRACY NETTLES, | |
| Defendant and Appellant. | |

Defendant Garyon Tracy Nettles is serving a 25-years-to-life sentence imposed under the former version of the Three Strikes law for a false check conviction, plus an additional year for a prior prison term enhancement based on a drug offense.  He appeals from the trial court's order declining to strike the prior prison term enhancement under Penal Code section 1172.75.[1]

---

[1]  Undesignated statutory references are to the Penal Code.

1

Nettles originally argued that the trial court's judgment should be reversed, the prior prison term enhancement struck, and the matter remanded for full resentencing. The People agreed that the trial court erred in refusing to strike the prior prison term enhancement under section 1172.75 but argued that remand was unnecessary because the trial court had already considered Nettles's arguments on resentencing, including by considering postconviction factors and denying Nettles's motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) to strike his strike priors. Nettles then filed a supplemental brief asserting that remand was necessary because his false check offense no longer qualifies as a felony as a result of changes in the law since his original conviction. He urged us to remand to the trial court with instructions to conduct a new hearing at which only misdemeanor punishment for that offense could be imposed. In a responsive supplemental brief, the People conceded that remand was appropriate but argued that the trial court should determine in the first instance the status of Nettles's false check conviction and resentence him.

We agree with the parties that the trial court erred in declining to strike Nettles's prior prison term enhancement. We also accept the People's concession that a remand for resentencing is appropriate. We express no opinion on whether Nettles is entitled to a redesignation of his false check felony conviction and leave that question for the trial court to address in the first instance.

BACKGROUND

I.

In 1998, a jury found Nettles guilty of willfully delivering false checks with insufficient funds (§ 476a, subd. (a)) and petty theft with a prior theft conviction for shoplifting items from a grocery store (§ 666). The jury also found that the amount of the fraudulent checks exceeded $200, making the offense a felony. The trial court found that Nettles had three prior strike convictions: two convictions for assault with intent to commit rape (§ 220) and one conviction for robbery (§§ 221, 667, subds. (b)-(i),

2

1170.12). The court also found that he had served one prior prison term (§ 667.5, subd. (b)) for possession of cocaine (Health & Saf. Code, § 11350). The court sentenced Nettles to 25 years to life as a third strike offender under the former version of the Three Strikes law for the false check offense plus one year for the prior prison term enhancement. The court reduced the petty theft offense to a misdemeanor and stayed the one-year sentence under section 654. This court affirmed the judgment on appeal. (See *People v. Nettles* (Aug. 28, 2000, C029790) [nonpub. opn.] (*Nettles I*).)[2]

## II.

In 2012 and 2014, Nettles sought resentencing relief under two laws adopted by the voters: Proposition 36, the Three Strikes Reform Act, and Proposition 47, the Safe Neighborhoods and Schools Act.

In November 2012, Nettles filed a petition to recall his sentence and for resentencing under section 1170.126, a provision adopted as part of Proposition 36. (*Nettles II*, *supra*, 240 Cal.App.4th at p. 406.) Section 1170.126 created a resentencing procedure for third strike offenders serving life terms for nonserious and nonviolent felony convictions. Under the statute, an eligible petitioner "shall be resentenced [as a second strike offender] unless the [sentencing] court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

The trial court rejected Nettles's petition after concluding that his prior convictions for assault with intent to commit rape disqualified him from receiving the benefits of

---

[2] On our own motion, we incorporate by reference our prior decisions in *Nettles I*, *supra*, C029790; *People v. Nettles* (2015) 240 Cal.App.4th 402 (*Nettles II*); and *People v. Nettles* (Apr. 5, 2019, C086368) (nonpub. opn.) (*Nettles III*). (Cal. Rules of Court, rules 8.147, 8.155.)

section 1170.126.  Nettles appealed, and this court affirmed.  (*Nettles II*, *supra*, 240 Cal.App.4th at pp. 406, 410.)

In late 2014, Nettles filed a petition under Proposition 47 to redesignate his felony false check conviction as a misdemeanor.  (*Nettles III*, *supra*, C086368.)  "Proposition 47 reclassified as misdemeanors certain drug- and theft-related offenses that previously were felonies or wobblers."  (*People v. Valencia* (2017) 3 Cal.5th 347, 355; see also § 1170.18, subds. (a) & (b).)  Section 476a, the offense for which Nettles was convicted, was one of the theft statutes affected by Proposition 47.  (*People v. Valencia*, *supra*, at p. 355; see also § 476a [increasing the felony amount from $450 to $950].)

"Proposition 47 also added a provision allowing felony offenders 'serving a sentence for a conviction' for offenses now reclassified as misdemeanors to petition to have their sentences recalled and to be resentenced."  (*People v. Valencia*, *supra*, 3 Cal.5th at p. 355; § 1170.18, subd. (a).)  If a defendant "would have been guilty of a misdemeanor" had Proposition 47 been in effect at the time of the offense, and the defendant has no prior convictions for super strikes or any offense that requires registration as a sex offender, he or she may petition for a recall of his or her sentence and resentencing under Proposition 47's reclassification of certain offenses as misdemeanors. (§ 1170.18, subds. (a)-(i); *People v. Valencia*, *supra*, 3 Cal.5th at p. 355.)  If the court determines that the petitioner satisfies the statutory criteria, it must recall the felony sentence and resentence the petitioner based on the new classification of the offense as a misdemeanor, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)

The trial court denied Nettles's petition.  This court affirmed on appeal, concluding that he was ineligible for Proposition 47 redesignation because his past convictions for assault with intent to commit rape require him to register as a sex offender under section 290.  (*Nettles III*, *supra*, C086368.)

4

## III.

In October 2022, the trial court issued an order assigning Nettles's case for a resentencing determination under Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483).[3] That law, now codified in section 1172.75, declared invalid prior prison term enhancements imposed before January 2020 that are not for sexually violent offenses. (Stats. 2022, ch. 58, § 12.) It also established a recall and resentencing procedure for defendants serving prison terms including such enhancements. (§ 1172.75.)

Following the order, Nettles's counsel filed a resentencing memorandum asking the trial court to strike the prior prison term enhancement and to exercise its discretion to strike one or more of Nettles's prior strike convictions under section 1385 and *Romero*, *supra*, 13 Cal.4th 497. Nettles urged the court to resentence him to a determinate term of six years in state prison, citing his extensive rehabilitation efforts, his low prison classification score since 2005, and his minimal disciplinary history while incarcerated over the past 25 years.

The People opposed resentencing, arguing that a lower sentence was not in the interest of justice. They cited Nettles's lengthy criminal history, including several sexual and assaultive offenses, his prison rule violations, and the denial of parole in 2020. While the People agreed that Nettles's prior prison term was not imposed for a sexually violent offense, they argued that because he had prior sexual offense convictions, the trial court should not strike the enhancement and should also decline to strike any of the strike

---

[3] Because the trial court issued an assignment order for a resentencing determination under Senate Bill 483, we presume the Department of Corrections and Rehabilitation notified the trial court that Nettles had a qualifying enhancement as required under section 1172.75, subdivision (b). (See Evid. Code, § 664 ["It is presumed that official duty has been regularly performed"].) The People do not contend otherwise, and the trial court clerk's response to Nettles's record omission letter stated that while "no petition or correspondence [from CDCR] was filed," a "system was created with the director of operations for the criminal division in Sacramento county on contested cases."

priors. They attached copies of the probation report, records of prison rule violations, and a parole hearing transcript.

After holding a hearing and taking the matter under submission, the trial court issued a lengthy written decision denying the resentencing petition. The court acknowledged that Nettles's prior prison term enhancement for a non-sexually violent offense "fits within the description of a 'legally invalid' sentence enhancement" under section 1172.75, subdivision (a). The court nevertheless declined to strike the enhancement, concluding that section 1172.75, subdivision (d)(1) authorizes courts to retain an otherwise-invalid enhancement when clear and convincing evidence establishes that "imposing a lesser sentence would endanger public safety." The court reasoned: "While [Nettles] may be eligible for resentencing under section [1172.75, subdivision (a)], the sexually violent nature of [his] two strike offenses, his prison record[,] and his own statements at the hearings on his parole and on this petition do not allow for resentencing in this case. The record recited in this ruling establishes by clear and convincing evidence that imposing a lesser sentence would endanger public safety. (§ 1172.75[, subd. (d)(1)].) [Nettles] fits squarely within the spirt of the Three Strikes initiative." The court thus denied the petition for resentencing and Nettles's motion to strike his strike convictions and ordered that Nettles "remains remanded in the custody of the California Department of Corrections and Rehabilitation to complete the sentence stated in the Abstract of Judgment filed on June 12, 1998."

Nettles timely appealed.

DISCUSSION

I.

Before January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding that a defendant had served a prior prison term and had not remained free of custody for at least five years. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.) Effective January 1, 2020,

6

Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) amended section 667.5 by limiting the enhancement to prior prison terms served for sexually violent offenses. (Stats. 2019, ch. 590, § 1; *People v. Burgess*, *supra*, at p. 380.)

In 2021, the Legislature adopted Senate Bill 483 (Stats. 2021, ch. 728, § 3), which, among other things, made the changes enacted in Senate Bill 136 retroactive. (*People v. Burgess*, *supra*, 86 Cal.App.5th at p. 380.) Senate Bill 483 added former section 1171.1, which is now renumbered as section 1172.75. (Stats. 2022, ch. 58, § 12.) That provision states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 also establishes a process for recalling sentences that include now-invalid prior prison term enhancements and resentencing affected defendants. (§ 1172.75, subd. (b).) Upon receiving information from the Department of Corrections and Rehabilitation that a defendant's judgment includes a prior prison term enhancement, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If it does, "the court shall recall the sentence and resentence the defendant." (*Ibid.*) Resentencing under the statute "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) Resentencing under this section "shall not result in a longer sentence than the one originally imposed." (*Ibid.*)

When resentencing an eligible defendant, the "court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) At the resentencing hearing, the

7

court may consider postconviction factors such as a defendant's disciplinary record and rehabilitative efforts while incarcerated; evidence that age, time served, or diminished physical condition have reduced the defendant's risk of future violence; and evidence of changed circumstances such that continued incarceration is contrary to the interest of justice.  (§ 1172.75, subd. (d)(3).)  Unless the trial court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are aggravating circumstances justifying the upper term and defendant stipulated to those facts or they have been found true beyond a reasonable doubt by the trier of fact.  (§ 1172.75, subd. (d)(4).)

## II.

Nettles's arguments on appeal are twofold.  First, he contends that the trial court violated his constitutional right to due process by misinterpreting section 1172.75, subdivision (d) as a basis for refusing to strike the now-invalid prior prison term enhancement and denying him a full resentencing hearing.  Second, in supplemental briefing, Nettles argues for the first time that, even if the trial court arguably provided him with a full resentencing hearing, it improperly reimposed the same third strike sentence because his false check conviction no longer qualifies as a felony under current law.

While the People agree that the trial court erred in declining to strike the prior prison term enhancement, they initially disagreed with Nettles on the appropriate remedy.  Because the court had already extensively considered postconviction resentencing factors and denied Nettles's *Romero* motion, the People argued it would be futile to remand for further resentencing.  Instead, the People urged this court simply to strike the one-year prior prison term enhancement.  In response to Nettles's supplemental brief, however, the People conceded that the matter should be remanded for the trial court to strike the invalid enhancement and to determine whether Nettles's false check conviction remains a felony, after which it would exercise informed discretion as to the appropriate sentence.

8

We agree with the parties that Nettles's prior prison term enhancement is no longer valid and that the trial court erred in refusing to strike it. As explained above, section 1172.75, subdivision (a) states: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Nettles's sentence enhancement for possession of cocaine (Health & Saf. Code, § 11350) was imposed pursuant to section 667.5, subdivision (b) before January 1, 2020, and it was not for a sexually violent offense. This enhancement is therefore "legally invalid." (§ 1172.75, subd. (a).)

The trial court recognized that Nettles's prison prior "fits within the description of a 'legally invalid' sentence enhancement" under section 1172.75, subdivision (a), but concluded that section 1172.75, subdivision (d) nevertheless authorizes trial courts to retain otherwise-invalid enhancements when there is clear and convincing evidence that reducing a defendant's sentence would endanger public safety. We disagree with this reading of the statute because section 1172.75, subdivision (d) governs a trial court's selection of a new sentence after it strikes the invalid enhancement and recalls the sentence—not the initial question whether to strike the enhancement. That provision says: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed *as a result of the elimination of the repealed enhancement*, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1), italics added.) According to the italicized language, the repealed enhancement must be "eliminat[ed]" (§ 1172.75, subd. (d)(1)), i.e., completely removed or eradicated. (See Webster's 11th Collegiate Dict. (2006) p. 404 [defining "eliminate"].)

The second clause in the sentence—"unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety"— does not mean that a court may refuse to eliminate the enhancement or the one-year term

9

attached to it. (§ 1172.75, subd. (d)(1).) Interpreting the language as the trial court did here not only renders the "elimination" language in the initial clause of the sentence superfluous but also negates the language in section 1172.75, subdivision (a) declaring all such enhancements invalid. (*Ibid.*; *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 ["An interpretation that renders related provisions nugatory must be avoided"].) The public safety clause instead governs the trial court's decision on the aggregate sentence to impose after the invalid enhancement and its associated term have been stricken and the defendant's original sentence has been recalled. Such an interpretation harmonizes both clauses of the sentence in subdivision (d)(1) and the language in subdivision (a) of section 1172.75. Thus, under the statute's plain language, a trial court must strike a one-year prior prison term enhancement that is no longer valid under section 1172.75, subdivision (a) and can then only impose the same aggregate sentence on the remaining counts and enhancements if it finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.

We also accept the People's concession that remand for resentencing is appropriate. " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) A court that is not aware of the scope of its discretionary powers " 'can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*Ibid.*) "[W]hen a court has not exercised its informed discretion, remand is the default 'unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*People v. Salazar* (2023) 15 Cal.5th 416, 431.) In this case, the trial court misunderstood its obligations under section 1172.75, which required it to strike the prior prison term enhancement, recall the sentence, and resentence Nettles. While we recognize that the trial court did consider Nettles's *Romero* motion, the court's order reflects that, contrary to the dictates

10

of the statute, the court failed to strike the prior prison term enhancement, denied recall and resentencing, and simply ordered Nettles's original sentence to remain in effect. Because we have concluded on review that Nettles's prior prison term enhancement must be stricken, on remand for resentencing " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893 [under full resentencing rule, trial court has jurisdiction to modify every aspect of defendant's sentence during a resentencing and not just the portion reversed or vacated on appeal].)

Finally, we decline Nettles's request that we order the trial court to redesignate his false check conviction as a misdemeanor. The parties have not briefed in this court the question whether a trial court is permitted to redesignate a felony conviction through a resentencing proceeding under section 1172.75 without complying with the provisions of Proposition 47. A closely related issue is currently being considered by our state Supreme Court. (See *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, 984-985, 988, review granted Mar. 12, 2024, S283305 [reduced penalties in Three Strikes Reform Act (Proposition 36) do not apply in resentencing under section 1172.75].) The parties can present their arguments and the trial court can consider those matters in the first instance on remand.

## DISPOSITION

The judgment is reversed, and the matter is remanded for the trial court to strike the prior prison term enhancement and to conduct a full resentencing in accordance with section 1172.75.

/s/
FEINBERG, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
KRAUSE, J.

12