Filed 1/28/25  P. v. Morfin CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ARTURO MORFIN,<br><br>Defendant and Appellant. | F087698<br><br>(Super. Ct. No. CRM032204E)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Detjen, J. and Meehan, J.

# INTRODUCTION

Appellant and defendant Arturo Morfin (appellant) was convicted after a jury trial of first degree premeditated murder with two special circumstances, along with two other felonies, with firearm and great bodily injury enhancements, and prior conviction allegations found true. He was sentenced to life in prison without possibility of parole and the trial court imposed a restitution fine of $10,000 (Pen. Code,[1] § 1202.4, subd. (b)). On direct appeal, this court affirmed appellant's convictions but remanded for resentencing because of errors for the sentences imposed for the other counts. At the resentencing hearing, the court reimposed the life term and corrected the sentencing errors. The court also overruled appellant's objection to the $10,000 restitution fine based on his claim that he lacked the ability to pay.

On appeal, appellant argues the matter must be again remanded because the trial court should have conducted a hearing on his ability to pay the $10,000 restitution fine pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

We find the trial court did not abuse its discretion when it denied appellant's objection to the $10,000 restitution fine. We also find there are inconsistencies between the court's oral pronouncement of judgment, and the sentencing minute order and abstracts of judgment, that require correction.[2] We direct the preparation of corrected abstracts of judgment and the sentencing minute order, and affirm the judgment as corrected.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] There were two separate abstracts of judgment filed after both the original sentencing hearing and the resentencing hearing: one for the indeterminate term (form CR-292) and another for the determinate term (form CR-290).

## FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2017, the Merced County District Attorney filed a consolidated information charging appellant and codefendant Julian Luna with count 1, first degree premediated murder of Francisco Pena on December 23, 2013 (§§ 187/189); with special circumstances for lying in wait (§ 190.2, subd. (a)(15)) and active gang participation (§ 190.2, subd. (a)(22)); an enhancement that a principal personally and intentionally discharged a firearm causing death or great bodily injury (§ 12022.53, subds. (d), (e)(1)); and a gang enhancement (§ 186.22, subd. (b)(5)).

Appellant was separately charged with two offenses based on the shooting at a child who was related to Pena, committed on December 19, 2013:  count 2, shooting at an occupied motor vehicle (§ 246), with an enhancement for personally discharging a firearm proximately causing great bodily injury (§ 12022.53, subd. (d)) and a gang enhancement (§ 186.22, subd. (b)(4)); and count 3, assault with a firearm (§ 245, subd. (a)(2)), with enhancements for personally and intentionally discharging a firearm (§ 12022.5, subd. (a)), personal infliction of great bodily injury (§ 12022.7, subd. (a)), and a gang enhancement (§ 186.22, subd. (b)(1)(C)).

It was further alleged appellant had one prior strike conviction, one prior serious felony conviction enhancement (§ 667, subd. (a)), and one prior prison term enhancement (former § 667.5, subd. (b)).[3]

## Convictions and Sentence

On November 15, 2017, after a joint jury trial, appellant and Luna were convicted of count 1, first degree premeditated murder, and the jury found true the two special circumstances and all enhancements.

---

[3]    A complete factual statement is contained in *People v. Luna et al.* (Nov. 22, 2021, F077054 (*Luna*)), this court's nonpublished opinion in appellant's direct appeal, that affirmed appellant's convictions and remanded the matter for resentencing.  The opinion is included in the instant appellate record.

Appellant was separately convicted of counts 2 and 3, and the attached enhancements were found true. The trial court found the prior conviction allegations were true.

On February 9, 2018, the trial court conducted the sentencing hearing for both appellant and Luna.

"On count 1, the trial court sentenced Luna and [appellant] each to a term of life without the possibility of parole for murder and an additional, consecutive term of 25 years to life for the firearm enhancement. On count 2, the court sentenced [appellant] to the upper term of seven years for shooting at an occupied vehicle, doubled to 14 years for the prior strike conviction, plus additional, consecutive terms of 25 years to life for the firearm enhancement, 15 years to life for the gang enhancement, and five years for the prior serious felony conviction enhancement. On count 3, the court sentenced [appellant] to the upper term of four years for assault with a firearm, doubled to eight years, plus additional terms of 10 years for the firearm enhancement, three years for the [great bodily injury] enhancement, and 10 years for the gang enhancement. The sentence on count 3 was stayed under section 654." (*Luna*, *supra*, F077054, fn. omitted.)

The trial court ordered that appellant and Luna would be jointly and severally liable for victim restitution (§ 1202.4, subd. (f)). !(CT 74, 80, 85-87, 92, 95, 97)!

As to count 1, appellant was ordered to pay a restitution fine of $10,000 (§ 1202.4, subd. (b)); the trial court did not orally impose a parole revocation fine (§ 1202.45).[4]

As to counts 1, 2, and 3, appellant was ordered to pay court security fees (§ 1465.8) and criminal conviction assessment fees (Gov. Code, § 70373). Appellant did not object to any of the trial court's orders for the restitution fines and fees.

---

[4]    After the original sentencing hearing, the abstract of judgment filed for the indeterminate term was inconsistent with the oral pronouncement of judgment, and erroneously stated the court imposed and suspended a parole revocation fine of $10,000.

On March 9, 2018, the trial court conducted another hearing to clarify the amount of the victim restitution order. A corrected abstract of judgment for the indeterminate term was filed to reflect the victim restitution order, and again stated that as to count 1, the court imposed a $10,000 restitution fine and imposed and suspended the parole revocation fine in the same amount.

## DIRECT APPEAL

In his direct appeal, appellant raised evidentiary and sentencing contentions, but did not challenge the restitution fine. In 2021, this court filed the nonpublished opinion in *Luna*, *supra*, F077054, where we rejected appellant's evidentiary claims and affirmed his convictions.

We vacated appellant's sentence and remanded the matter for resentencing on several points. We ordered the prior prison term enhancement stricken pursuant to Senate Bill No. 136's (2019–2020 Reg. Sess.) amendments to section 667.5, subdivision (b). We held resentencing was required because the trial court erroneously imposed both a determinate term for appellant's conviction in count 2 for shooting at an occupied vehicle in violation of section 246, and a separate term of 15 years to life for the attached gang enhancement pursuant to section 186.22, subdivision (b)(4)(B).

We agreed with the parties that the trial court improperly imposed 10 years for the single prior serious felony conviction enhancement. We held remand was required for the court to decide whether to exercise its discretion to dismiss the prior serious felony conviction enhancement, pursuant to Senate Bill No. 1393's (2017–2018 Reg. Sess.) amendments to section 667, subdivision (a) and section 1385, subdivision (b), and if the court declined to dismiss the enhancement, it could only impose a five-year term. We noted that on remand, the parties could raise "any other relevant changes" to the sentencing laws.

## RESENTENCING

On remand, the parties filed briefs for the resentencing hearing. The prosecution stated it would move to strike the gang enhancements as a result of the amendments enacted by Assembly Bill No. 333 (2021–2022 Reg. Sess.) to section 186.22, subdivision (b). The prosecution acknowledged the court had discretion to strike the section 667, subdivision (a)(1) prior serious felony conviction enhancement and argued that it should decline to do so. The prosecution agreed that if the court did not strike the enhancement, it could only impose one five-year term for the single enhancement.

In his brief, appellant conceded that his life sentence and the special circumstances were not subject to reversal or a reduced sentence, and agreed the prosecution should dismiss the gang enhancements. Appellant argued that the trial court should exercise its discretion under the amendments to section 1385, subdivision (c) to dismiss all other enhancements because he was already serving a life sentence without parole.

Appellant further argued the trial court should only impose the statutory minimum restitution fine of $300 instead of the maximum fine of $10,000 under section 1202.4, subdivision (b) because he did not have any earning capabilities, and there was no factual basis to presume that he would obtain a prison job and earn wages.

### The Trial Court's Resentencing Hearing

On February 28, 2024, the trial court conducted the resentencing hearing, stated it had reviewed the parties' pleadings, and granted the prosecution's motion to strike the gang enhancements attached to counts 1, 2, and 3. The court heard arguments as to whether to dismiss the other enhancements, acknowledged it had such discretion, and declined to do so.

As to count 1, first degree murder with two special circumstances, the trial court again sentenced appellant to life without parole, plus 25 years to life for the attached firearm enhancement.

The trial court acknowledged appellant's objection to the imposition of the maximum restitution fine, overruled the objection, and again imposed a $10,000 restitution fine for count 1 (§ 1202.4, subd. (b)). The court stated it would not impose a parole revocation fine for count 1 (§ 1202.45) "since he won't be paroled ever, unless there is a change in the law."[5]

As to count 2, shooting at an occupied vehicle, the trial court imposed the upper term of seven years based on the finding that appellant had a prior conviction for a serious felony, and doubled that term to 14 years as the second strike sentence, plus 25 years to life for the attached firearm enhancement. The court stated it had discretion to dismiss the section 667, subdivision (a) enhancement but declined to do so, and imposed a single consecutive term of five years for the prior serious felony enhancement.

Also as to count 2, the trial court stated it was imposing a separate restitution fine of $5,000, and stayed the same amount for the parole revocation fine.[6]

The trial court stayed the sentence imposed for count 3 and the attached enhancements. The court reimposed the same amounts for victim restitution, the court security fees, and the criminal conviction assessment fees.

On February 28, 2024, appellant filed a notice of appeal from the judgment after the trial court's resentencing hearing.

---

[5]     As will be discussed in section II, the sentencing minute order and abstracts of judgment for both the indeterminate and determinate sentences are inconsistent with the court's oral pronouncement of judgment, and show the court imposed and suspended a parole revocation fine of $10,000 for count 1.

[6]     As also will be discussed in section II, the court's order for the $5,000 restitution fine for count 2 is not included in the sentencing minute order or the abstracts of judgment and must be stricken.

**DISCUSSION**

## I.  The Restitution Fine

Appellant argues the trial court improperly imposed the $10,000 maximum restitution fine at the resentencing hearing without granting his motion to conduct a hearing on his ability to pay pursuant to *Dueñas.*  As a preliminary matter, the People assert appellant forfeited any objection to the restitution fine and, in the alternative, argue the $10,000 fine was not grossly disproportionate to the gravity of the offenses under the Eighth Amendment.

## A.  Forfeiture

The People acknowledge that *Dueñas* was decided after appellant's first sentencing hearing and while his direct appeal was pending.  The People argue that at the first sentencing hearing, however, appellant already had the statutory right to object to the imposition of the $10,000 maximum restitution fine pursuant to section 1202.4, subdivision (c).  Since he failed to do so, appellant forfeited appellate review of the issue.  The People argue appellant also forfeited any objection to the maximum restitution fine because he failed to raise the issue in his direct appeal after *Dueñas* was decided, this court did not strike or reverse the restitution fine when we remanded for resentencing, and he cannot now challenge the restitution fine reimposed at the resentencing hearing.

Appellant did not forfeit review of the trial court's imposition of the restitution fine at the resentencing hearing.  In the direct appeal, this court affirmed appellant's convictions but found several sentencing errors that did not involve the restitution fines.  We vacated the judgment and remanded the matter for a full resentencing.  By doing so, the trial court had jurisdiction to revisit its prior sentencing decisions, including the imposition of the restitution fine.  Appellant's failure to object to the restitution fine at the first sentencing hearing or raise the issue in his direct appeal did not forfeit his ability to object at the resentencing hearing.  (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425; *People v. Nilsson* (2015) 242 Cal.App.4th 1, 34 [remand for full resentencing includes

8.

"terms, fines, fees, and restitution"]; *People v. Rosas* (2010) 191 Cal.App.4th 107, 117 ["[T]he matter of the restitution and parole revocation fines is most assuredly not severable from the sentencing issues that were sent back to the trial court upon the first appeal"].)

**B. Ability to Pay**

Appellant's ability to pay contentions are based on *Dueñas,* which held "although … section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*People v. Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) "While the *Dueñas* panel takes care to announce its holding in due process terms, the foundation for its two-part disposition—a reversal of the order imposing the assessments for failure to consider ability to pay, and a stay of execution of the restitution fine pending an ability-to-pay hearing—ultimately rests on a synthesis of due process and equal protection principles." (*People v. Cowan* (2020) 47 Cal.App.5th 32, 38, fn. omitted.)

There is disagreement among appellate courts, including this court, as to whether to follow or reject *Dueñas*, limit the opinion to its facts, and/or under what circumstances the constitutional concerns underpinning the decision apply. (See, e.g., *People v. Montes* (2021) 59 Cal.App.5th 1107, 1116–1117, and cases discussed therein.) The Supreme Court granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47 (review granted Nov. 13, 2019, S257844) and other related cases, to resolve "whether courts must consider a defendant's ability to pay in imposing fines, fees and assessments; and, if so, which party bears the burden of proof." (*Montes*, at p. 1117.) The court has not yet filed an opinion in *Kopp*.

9.

## C. Analysis

We may resolve appellant's challenge to the restitution fine without having to address the various interpretations of *Dueñas* because the record does not support his claim of error or prejudice from the trial court's decision to overrule his objection and impose the maximum restitution fine.

On appeal, the trial court is presumed to have been aware of and followed the applicable law. All intendments and presumptions are indulged in to support the court's ruling on matters as to which the record is silent, and the moving party has the burden of demonstrating error on appeal. (*People v. Harris* (2024) 105 Cal.App.5th 623, 643; *People v. Gamache* (2010) 48 Cal.4th 347, 378.)

In determining the amount of a restitution fine, a defendant's ability to pay is not limited to his present financial situation. (*People v. Staley* (1992) 10 Cal.App.4th 782, 785.) "[T]here is authority supporting the proposition that prisoners are able to pay fines, fees and assessments out of future prison wages [citations], or small gifts from friends or family .…" (*People v. Montes*, *supra*, 59 Cal.App.5th at p. 1123, and cases cited therein.)

The resentencing hearing was held five years after the decision in *Dueñas*, by which time appellant would have been aware of the differing viewpoints on the ability to pay issue. Nonetheless, appellant's only arguments about his inability to pay, which he raised at the resentencing hearing and in this appeal, are based on the imposition of the life term and the uncertainty that he will receive a prison job and earn sufficient wages to make such payments.

We believe *People v. Potts* (2019) 6 Cal.5th 1012 (*Potts*) is persuasive on these points. The defendant in *Potts* was convicted of two counts of first degree murder with special circumstances and sentenced to death. The trial court ordered him to pay the statutory maximum restitution fine of $10,000, partially based on the probation officer's erroneous statement that a condemned inmate would be assigned a job in prison. At the time of the hearing, the applicable restitution statute permitted the court to consider the

10.

defendant's inability to pay, but the defendant did not object at the sentencing hearing. The defendant filed a post-judgment motion to reduce the fine because of the court's mistake about a prison job and his inability to pay, and argued his own source of income in prison was limited to small financial gifts from family and friends. The court denied the motion and found that seizing even a small part of the defendant's income was a minimal burden considering the incredible loss he inflicted on the victim's family. (*Id*. at pp. 1055–1056.)

*Potts* held the trial court abused its discretion when it imposed the restitution fine based on the erroneous belief that a defendant sentenced to death would be permitted to work. However, *Potts* held the error was harmless beyond a reasonable doubt based on the court's findings when it denied the post-judgment motion to modify the fine. (*Potts*, *supra*, 6 Cal.5th at pp. 1055–1056.) *Potts* explained that the defendant's alleged inability to pay because he lacked a prison job would be "blunted by the fact that he would retain at least some of the money sent to him" by family and friends. (*Id*. at p. 1056.) The court was "permitted to conclude that the monetary burden the restitution fine imposed on [the] defendant was outweighed by other considerations," such as the seriousness and gravity of the offense, and the circumstances of its commission. (*Id*. at pp. 1056–1057.)

In this case, the trial court's imposition of the maximum restitution fine was supported by the seriousness of the offense—first degree murder with two special circumstances. There is nothing in the record to show that appellant would be unable to satisfy the court's restitution order while serving his indeterminate life term, even if he fails to obtain a prison job. While it may take appellant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments from either prison wages or monetary gifts from family and friends during his life sentence. (See, e.g., *Potts*, *supra*, 6 Cal.5th at pp. 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

11.

## II. Sentencing Errors

There are inconsistencies between the trial court's oral pronouncement of judgment at the resentencing hearing, and the minute order and the abstracts of judgment, that must be corrected.

"Courts may correct clerical errors at any time, and appellate courts … that have properly assumed jurisdiction [can] order[] correction of abstracts of judgment that [do] not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) "If the clerk includes fines in the court's minutes or the abstract of judgment that were not part of the oral pronouncement of sentence, those fines must be stricken from the minutes and the abstract of judgment." (*People v. El* (2021) 65 Cal.App.5th 963, 967; *People v. Clark* (2021) 67 Cal.App.5th 248, 260–261.)

## A. The Restitution Fine for Count 2

First, the parties agree the trial court erroneously imposed a separate restitution fine and parole revocation fine for count 2. As explained above, the court imposed a $10,000 restitution fine (§ 1202.4, subd. (b)) for count 1, first degree murder. The reporter's transcript shows that as to count 2, shooting at an inhabited vehicle, the court stated it was imposing a separate restitution fine of $5,000, and imposed and stayed the same amount for the parole revocation fine. The court's separate restitution order for count 2 is not included in the sentencing minute order or the abstracts of judgment.

The trial court lacked jurisdiction to impose a restitution fine, and impose and suspend a parole revocation fine, as to each count. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483; *People v. Soria* (2010) 48 Cal.4th 58, 62–67.) Appellant's failure to object at the resentencing hearing to the restitution order for count 2 does not bar

review of this issue because the second restitution fine was unauthorized. (*People v. Price* (2004) 120 Cal.App.4th 224, 241, fn. 25.)

While the trial court's orders for count 2 were not listed in the minute order or abstracts of judgment, the abstract of judgment is not the judgment of conviction. (*People v. Mitchell*, *supra*, 26 Cal.4th at p. 185.) In order to avoid any future confusion, we will order the judgment corrected to clarify that the court's orders for the restitution fine and parole revocation fine for count 2 are stricken.

## B. The Parole Revocation Fine for Count 1

Next, appellant correctly notes that when the trial court imposed the $10,000 restitution fine for count 1, it stated that it would not impose a parole revocation fine in the same amount (§ 1202.45) "since he won't be paroled ever, unless there is a change in the law."

Appellant states that contrary to the trial court's oral pronouncement of judgment, both the minute order for the sentencing hearing and abstract of judgment for the indeterminate sentence (form CR-292) erroneously show that a $10,000 parole revocation fine was imposed and suspended for count 1. Appellant requests striking these entries about the parole revocation fine. The People acknowledge the court orally stated it would not impose the parole revocation fine, and agree that fine was listed in the abstract of judgment.

Section 1202.45 expressly authorizes imposition of a parole revocation fine "where a person is convicted of a crime and his or her sentence includes a period of parole" (*id.*, subd. (a)) or the defendant is "subject to either post release community supervision … or mandatory supervision" (*id.*, subd. (b)). The statute does not apply in cases where the defendant is sentenced to life without parole. (*People v. Montes* (2021) 70 Cal.App.5th 35, 48–49; *People v. McInnis* (2021) 63 Cal.App.5th 853, 867; *People v. Jenkins* (2006) 140 Cal.App.4th 805, 819.)

The erroneous entries about the section 1202.45 parole revocation fine in the minute order and indeterminate abstract of judgment (form CR-292) must be stricken.

## C.  The Abstract of Judgment for the Determinate Sentence

Finally, the parties agree the separate abstract of judgment for the determinate sentence (form CR-290) erroneously lists the $10,000 restitution fine and the parole revocation fine imposed and suspended for count 1, life without parole, and that entry must be stricken since the restitution fine for count 1 is already stated in the abstract for the indeterminate term, and the indeterminate abstract must also be corrected.

## DISPOSITION

The judgment is corrected to strike the trial court's oral imposition of a $5,000 restitution fine (§ 1202.4, subd. (b)), and imposition and suspension of the parole revocation fine in the same amount (§ 1202.45), for count 2.

The trial court is directed to correct the February 28, 2004 minute order for the resentencing hearing and the abstract of judgment for the indeterminate sentence (form CR-292) by striking the reference to the imposition and suspension of a $10,000 parole revocation fine (§ 1202.45) for count 1.

The trial court is directed to correct the abstract of judgment for the determinate sentence (form CR-290) by striking the reference to the imposition of the $10,000 restitution fine (§1202.4, subd. (b)) and the imposition and suspension of a parole revocation fine in the same amount (§ 1202.45) for count 1.

As corrected, the judgment is affirmed in all other respects.  The superior court is directed to prepare new abstracts of judgment for the indeterminate and determinate sentencing reflecting these corrections.  The clerk of the superior court shall forward certified copies of the amended abstracts to the Department of Corrections and Rehabilitation.